MATHIAS PAPOOSHEK *vs.* WINONA & ST. PETER RAILROAD COMPANY.

July 25, 1890.

Eminent Domain—Witness as to Value—Qualifications Requisite.— There is no inflexible rule of law defining how much a witness must know about property before he can be permitted to testify as to its value. It must appear on the preliminary examination that he has knowledge on the subject sufficient to enable him to form an estimate of its value, and such as it may be supposed the jury do not have. It is then for the court to determine the question of his competency; and if the evidence is received the jury will determine the weight and worth of it, in view of all the circumstances as developed on the examination.

Same—Witness held Competent.—Evidence of certain witnesses upon the question of damages, and their competency in view of their cross-examination, considered.

Same—Railway in Street — Compensation to Abutting Owner.—One whose land in a street in front of his lot is appropriated by a railway company and occupied by its track, is presumptively entitled to damages in addition to what he would suffer if the railway stopped at the line of his lot, and no part of the same was so appropriated.

Instructions — Request Covered by General Charge. — The refusal to give the jury certain instructions asked by the defendant, which were correct in themselves, *held* not prejudicial, in view of the general charge.

Appeal by the railway company from an order of the district court for Winona county, *Start*, J., presiding, refusing a new trial after verdict of $100 for the land-owner, on the trial of an appeal from the commissioners' award in condemnation proceedings.

*Wilson & Bowers*, for appellant.

*Tawney & Randall,* for respondent.

VANDERBURGH, J.   The defendant instituted condemnation proceedings to acquire the right to build a branch or spur track from its main line or tracks in the city of Winona, along Front street in that city, to secure access to mills and business houses requiring further railway facilities, and for the convenience of shippers doing business over its lines.   The Milwaukee & St. Paul Railway Company had already secured a right of way along the same street; and the defendant had secured the permission of the city council to locate its tracks there, subject to certain conditions and regulations.   This case and ten others, embracing similar questions, were tried together in the district court, and are all to be determined by this appeal. The plaintiffs are owners of lots abutting on Front street, and their damages for the appropriation of the street by the defendant railway company were separately assessed by the jury.

Upon the trial, counsel for the defendant objected to the competency of the witnesses Stellwagen and Fuhrman to testify upon the question of damages.   We think there was sufficient foundation laid to support the preliminary decision of the court in favor of their competency.   Both had lived in the city for many years.   Their business was such as to give them an extensive acquaintance with property and its value in the city, and they so testified.   They had bought and sold real estate therein, were actively engaged in business, were well acquainted with the real estate in question and the improvements thereon, and had examined and estimated its value. They had special knowledge on the subject which the jury might be supposed not to have, and we think there was no error on the part of the court in allowing them to give their testimony on the question of damages.   *Bristol Co. Savings Bank* v. *Keavy,* 128 Mass. 298; *Jarvis* v. *Furman,* 25 Hun, 391.   Where the value of property is in controversy, the opinions of persons acquainted with its value are admissible; but there is no inflexible rule of law defining how much a person must know about property before he can be admitted to give an opinion of its value.   He must have some knowledge on the subject, sufficient to enable him to form an estimate of its value; and it is then for the court to determine the preliminary question of his

competency, and if the evidence is received the jury will determine the weight and value of it, in view of all the circumstances. *Bedell* v. *Long Island R. Co.*, 44 N. Y. 367; *Lamoille Valley R. Co.* v. *Bixby*, 57 Vt. 563; *Mercer* v. *Vose,* 67 N. Y. 56; *Whitney* v. *City of Boston*, 98 Mass. 312; *Woodruff* v. *Imperial Fire Ins. Co.*, 83 N. Y. 138; *Stevens* v. *City of Minneapolis*, 42 Minn. 136, (43 N. W. Rep. 842;) *Jarvis* v. *Furman*, 25 Hun, 391; Lawson, Exp. Ev. 436.

Upon the cross-examination of the witness Stellwagen, he was examined at considerable length in respect to the relative amount of business, and the extent of territory tributary to the respective lines of railway owned and operated by the Milwaukee & St. Paul Railway Company and the defendant. Under the circumstances, we do not think it was substantial error, or prejudicial to the defendant's case, that the court set a limit to the examination, and sustained the objection of plaintiff to the question in which the witness was asked to name one state or territory in which the one company had not as much trackage for marketing flour and lumber, and just as good connections, as the other. The situation of the roads and the extent of the business of each were sufficiently apparent from the evidence actually received. Nor was it error for the court to refuse to strike out the evidence in chief of the same witness on the ground that he had been, as defendant claims, under an erroneous impression that the defendant's tracks were first laid down in the street, and would be operated more extensively there than those of the Milwaukee Company. The cross-examination does not so far negative his knowledge on the subjects testified to by him in chief as to have shown him incompetent to testify, or to warrant the court in holding that there was no foundation for his evidence on the subject of values. But the jury were to consider the effect of the cross-examination, and the admissions of the witnesses thereon, in forming their estimate of the weight and value of his testimony, under proper instructions of the court; and sufficient opportunity was given the defendant, by further cross-examination, to bring out these facts, and in connection therewith test the judgment of the witness as to the value of the several pieces of property. and the damages thereto. This, we think, disposes of the fourth and seventh assignments of error.

The testimony of the witness Gerdtsen, in answer to a question of plaintiff's counsel, that if, of the tracks of two roads located in the street, the centre track should be operated more extensively than the other, it would constitute an element in the estimate of damages, was fairly within the limits of cross-examination; and we do not see that it could have been prejudicial to the defendant.

The defendant's second request was properly refused. It involved the proposition that the owner of the lot in controversy could recover no compensation or damages in certain contingencies though the railway track is laid over his land in the street, and there is in fact an appropriation of his property. The latter fact, at least, is to be considered, in addition to the damages he might suffer if the railway stopped at the west line of his lot.

The defendant also requested the court to charge the jury that there was no evidence that defendant's track which is laid in the street in front of these premises would be used any more than that of the Milwaukee road in front of the same. Whether the peculiar location of the defendant's tracks in the street, and its connections and facilities, were such as to produce a greater volume of business than that enjoyed by the other road, is not easy to determine upon the record; and we think the matter was properly disposed of by the court in its general charge, so that there was no error in refusing the request. The court instructed the jury that it was of no importance whether the Winona & St. Peter or Milwaukee & St. Paul track has heretofore been used the more. The one has just as much right to use its track as the other has the track belonging to it; and how much the tracks will be used in the future depends very largely on the volume of their business in the immediate vicinity of this property.

The defendant also requested the court to charge the jury that the recovery of damages must be confined to such as are caused by the presence and operation of the tracks *in front* of plaintiff's lot. While we see no objection to the request, we think the correct rule was so clearly laid down by the court in its *general* charge that there was no prejudicial error in refusing the request. The court explained and emphasized in its charge the extent and nature of the damages

which plaintiff was entitled to, and they were expressly defined and limited to the depreciation of the property by reason of the construction and operation forever of the railway tracks *in front of the property*, as set forth in the petition. This was the theory upon which the case was tried, and the rule was clearly stated to the jury several times by the court. There was no room for misunderstanding or misapprehension in respect to the question on the part of the jury.

We have carefully examined the entire record, and we are of the opinion that it discloses no errors for which a new trial should be granted.

Order affirmed.