JOHN G. CRICH *vs.* WILLIAMSBURG CITY FIRE INSURANCE COMPANY.

February 27, 1891.

**Action on Fire-Insurance Policy, where Mortgagee is Party—Trial by Jury.**—In an action upon a policy of insurance in which a mortgagee secured by the policy is joined as a party, the court may, in case of a recovery in the action, adjust the rights of the plaintiff and mortgagee in the final judgment, and the action is properly triable by jury.

**Findings—Evidence.**—Evidence *held* sufficient to support the special findings of the jury in this action.

**Expert Evidence—Want of Foundation Supplied on Cross-Examination.**—In case of the omission to lay a proper foundation for expert or opinion evidence, upon the examination in chief, if it be supplied by evidence drawn out on cross-examination, the error in admitting it is cured.

**Witness as to Value—Whether Owner, merely as Such, is Competent.**—Whether mere ownership of property by a witness is, in the first instance, sufficient to warrant the allowance of his testimony on the question of the value thereof, is not decided.

**Requisites of Special Findings in Absence of General Verdict.**—Where a special verdict, including findings upon particular issues, is rendered, and there is no general verdict, it must be responsive to all the issues.

**Same—Exception Unnecessary.**—An omission to find upon some of the issues is not waived by a failure to except by either party.

**Same—Remedies—Retrial of Particular Issues—Amending Verdict.**—But where the issues not passed upon are entirely distinct, the court may order a retrial of those particular issues only, or in proper cases, where there can be no doubt or dispute, and the defect is merely formal, or made through inadvertence, the court may amend the verdict. The practice discussed in the opinion.

Appeal by defendant from an order of the district court for Hennepin county, *Smith,* J., presiding, refusing a new trial after judgment of $1,500 ordered by the court on the special findings of a jury, there being no general verdict.

*Kitchel, Cohen & Shaw,* for appellant.

*Chas. P. Barker,* for respondent.

VANDERBURGH, J.    1. This action is brought upon a policy ot insurance issued by defendant to the plaintiff, which contained a clause making the loss payable to S. C. Gale, mortgagee. The amount due on the mortgage was less than the amount of the loss which plaintiff claims to have sustained, and which he seeks to recover in this action. The defendant insists that, under the pleadings, it was a case for the court, and not for a jury. No question is raised as to plaintiff's right to sue, or objection made that the mortgagee is made defendant, instead of being joined as plaintiff. In case of a recovery in the action for the amount claimed to have been lost by fire, the court may, under the pleadings, adjust the rights of the parties as between themselves. The relations and relative rights of these parties in no wise affect the nature of the action, which was properly tried by jury.

2. The answer, after putting in issue the ownership and value of the property, sets up other insurance, contrary to the provisions of the policy. This question arises upon the claim that two other policies upon the insured property, the Fireman's Insurance Company of Newark and the Hartford Fire Insurance Company, had not been cancelled when the defendant's policy was issued to plaintiff, and the contract of insurance completed with him. This question was determined as a question of fact adversely to the defendant by the jury, and we think the evidence was sufficient to justify such finding. The policy sued on was dated October 30, 1889. The fire occurred November 2, 1889. The evidence tends to show that the Hartford policy was surrendered by plaintiff in May, 1889, and that at that time the agent of that company required that the amount of the insurance should be reduced or the policy cancelled, and that plaintiff refused to consent to a reduction, but did consent to and direct a cancellation of the policy. The jury found that the Fireman's Insurance policy was cancelled when this policy was issued, and on the same day, October 30, 1889, and there is evidence sufficient to support the conclusion that such was the understanding between the plaintiff and the agents of that company. After arranging with the defendant's agents for the issuance of its policy for the amount agreed on and sued for herein, the plaintiff testifies that he went to

the agents of the Fireman's Company and informed them that he could get better rates with the defendant, and wanted them to cancel the Fireman's policy, to which they then and there consented, and subsequently, on the same day, plaintiff received the policy in question here. He desired to transfer the risk from the Fireman's Company to the defendant, and the cancellation of the old policy and the issuance of the new were parts of this transaction, which was completed by the issuance of the defendant's policy. The exact order in which the business was transacted between the parties is not material.

3. Objection was made by the defendant to plaintiff's competency as a witness to testify to the value of the building destroyed. The only foundation laid for his evidence, in the first instance, was the fact that he owned the house, and had lived in it for three years before the fire. The trial court overruled the objection, and admitted the evidence, upon the authority, as we understand, of *Derby* v. *Gallup*, 5 Minn. 85, (119.) We are not agreed as to the propriety of the rule adopted by the court below, but find it unnecessary to decide the question in this case, for the reason that we think the witness disclosed sufficient knowledge on the subject upon his cross-examination to warrant the allowance of his testimony, and the error, if any, was cured. The question whether a witness is shown to be qualified to express his opinion as to the value of property is largely in the sound discretion of the trial court, and, in addition to general questions propounded to the witness to test his competency, it may require a more specific examination in respect to the grounds of his knowledge on the subject, or it may leave the value and weight of his testimony to be more fully tested by the cross-examination. In some cases the bare ownership of property may constitute very little, if any, qualification, while in others it may involve an intimate knowledge of the premises, cost, and condition of improvement made by him as owner, and the nature and quality of the materials entering into them. It is desirable in practice that the examination should elicit with more or less particularity the facts forming the basis of the opinion of the witness. *Papooshek* v. *Winona & St. Peter R. Co.*, 44 Minn. 195, (46 N. W. Rep. 329.)

4. The only other question which it is necessary to consider is the form and sufficiency of the verdict. The court submitted to the jury five questions, to be specially answered, and the answers to which, as returned by the jury, constituted their verdict. There was, however, no general verdict, and the issue in respect to the ownership of the property and the loss of household goods raised by the answer was not disposed of or covered by the verdict. Upon the coming in of the verdict, the court, on plaintiff's motion, ordered judgment thereon in his favor. This was error. In order to authorize the judgment, all the issues must be answered by the verdict. *Pint* v. *Bauer*, 31 Minn. 4, (16 N. W. Rep. 425;) *Lane* v. *Lenfest*, 40 Minn. 375, (42 N. W. Rep. 84;) *Clark* v. *Lamb*, 6 Pick. 512; *Bemus* v. *Beekman*, 3 Wend. 667. The jury should have found upon these issues also, or returned a general verdict, in order to make the record complete. It is perhaps true that the court practically withdrew these issues, over which there was no contest or conflict of evidence at the trial, from the jury, but we do not think the defendant waived its right to object to the insufficiency of the record to support the judgment by not excepting. *Sherman* v. *Lumber Co.*, (Wis.) 45 N. W. Rep. 1079. These particular issues were, however, entirely distinct from those actually passed on by the jury. The omission ought not, then, necessarily to involve a retrial of all the issues in the case. *Watson* v. *Delafield*, 1 John. 150; *Chicago, Burlington & Northern R. Co.* v. *Porter*, 43 Minn. 527, (46 N. W. Rep. 75;) Hayne, New Trials. & App. § 295, and cases cited. Where it is undisputably clear from the judge's notes, or the record of the proceedings and evidence on the trial as settled or agreed on, that the jury have omitted to find facts which were consented to, or which were not disputed or actually litigated at the trial, and which should have been directed to have been included therein, but overlooked through inadvertence, we are of the opinion it is in the power of the trial court to supply the defect by an amendment of the verdict. The substance of the verdict as actually rendered cannot be changed or impeached, but defects and omissions in matters of form, or resulting from inadvertence or mistake, and not affecting the real merits of the controversy, may be supplied. The practice appears to be well settled to allow verdicts, gen-

eral or special, to be amended in this way in proper cases, where there appears to be no doubt or dispute as to what actually transpired at the trial; but, if the question is left in doubt, there must be a new trial, at least of the particular issue. Tidd, Pr. §§ 713, 897; 2 Thomp. Jury Trials, § 2652; *Burhans* v. *Tibbits*, 7 How. Pr. 21; *Acton* v. *Dooley*, 16 Mo. App. 441, 449, and cases; *Mayo* v. *Archer*, 1 Strange, 513; *Petrie* v. *Hannay*, 3 Term R. 659; *Clark* v. *Lamb*, 8 Pick. 415; *Murphy* v. *Stewart*, 2 How. 263, 282; *King* v. *Keat*, 1 Salk. 47; *Sleght* v. *Hartshorne*, 1 John. 149; *Jones* v. *Kennedy*, 11 Pick. 124. In *Watson* v. *Delafield, supra,* the court ordered a *venire de novo* to try one issue on which the jury had failed to find, unless the defendant would consent to an amendment of the verdict. And. in *Chicago, B. & N. R. Co.* v. *Porter, supra,* this court sent the case back for a retrial, upon a single issue which had not been passed upon on the first trial. This the appellate court may do, under its general power to modify as well as to reverse or affirm. The trial judge in this case stated in his charge to the jury, without objection or exception, that the only defence insisted on was that there were two policies in force and outstanding, which was equivalent to saying that the ownership and loss were not questioned or disputed on the trial; and, if this is so, the case would seem to fall within the rule of *Burhans* v. *Tibbits, supra,* and warrant an amendment.

The order for judgment is vacated, and the case is remanded to the district court of Hennepin county, with directions to amend the verdict so as to embrace a finding in plaintiff's favor upon the issues of the ownership and loss of the insured property, or for a new trial of those issues, as the court, after hearing the parties, may be advised.

NOTE. A motion for a reargument of this case was denied April 9, 1891.