ALPHONSE BLONDEL v. ST. PAUL CITY RAILWAY COMPANY.[1]

November 20, 1896.

Nos. 10,267—(127).

**Street Railway—Injury to Passenger—Contributory Negligence.**
　　Evidence considered as to the plaintiff's alleged contributory negligence, and *held* that it sustains the verdict.

**Expert Witness—Qualification.**
　　The qualification of a witness to testify as an expert is a question for the trial court, whose decision will not be reversed on appeal unless it is manifestly against the weight of the evidence.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial.    Affirmed.

*Munn, Boyesen & Thygeson,* for appellant.

*J. J. McCafferty* and *R. E. Noyes,* for respondent.

[1] Reported in 68 N. W. 1079.

START, C. J.   This is a personal injury case, in which the plaintiff had a verdict for $200, and the defendant appealed from an order denying its motion for a new trial.   Two reasons are urged by the defendant why the order should be reversed:

1. That the verdict is not sustained by the evidence, because it shows that the plaintiff was guilty of contributory negligence.

The plaintiff's evidence tended to show that he was a passenger on an electric car on the defendant's street-railway line; that there was a sharp curve in the track at Marshall and Prior avenues, in the city of St. Paul, and that, when the car was some three or four blocks from this curve, he left his seat and went to the rear vestibule, where the conductor was standing, and asked him as to the point it would be necessary for him to leave the car to go to the Town and Country Club; that while thus engaged, and standing by the conductor, the car passed the curve without slacking its speed, and at a dangerous rate,—some 14 or 15 miles an hour,—as plaintiff claims, whereby he was thrown against the wall of the vestibule, and his hand and arm injured.   He admitted that he knew of the curve, and that the car was approaching it at a fast rate of speed.   The evidence on the part of the defendant tended to show that the car was not driven at an unsafe rate of speed around the curve, and it also contradicted the evidence of the plaintiff in other important particulars.

The defendant claims that, as a matter of law, the plaintiff was guilty of contributory negligence in remaining on the platform by the conductor, instead of going inside of the car, as it approached the curve.   But he had a right to assume that the persons in charge of the car would slacken the speed of the car, and not pass the curve at an unsafe rate of speed; and whether, under all the circumstances of the case as disclosed by the evidence, he was guilty of contributory negligence in the premises was a question of fact for the jury.   The verdict is sustained by the evidence.

2. That the trial court erred in sustaining the plaintiff's objection to a question asked of the conductor of the car.   The question and its connection were as follows:

"Q. How long have you been running on that line, Mr. Devereaux? A. Nineteen months.   Q. Do you know what would happen in case a car would approach that curve, in coming west, at the rate of ten or fifteen miles an hour?   A. Yes, sir.   Q. You may state to the jury

what, in your judgment, would happen? (Objected to for the same reason,—no proper foundation laid.)"

The objection is somewhat obscure, but it was evidently intended, and so understood by the parties and the court, as an objection to the competency of the witness; that is, no foundation for the question had been laid by showing that the witness was competent. If the effect of running a street car around a sharp curve at the rate of speed stated in the question be not a matter of such common knowledge as to exclude expert evidence on the question, then the person called to give such evidence must be shown to be competent. The only fact testified to by the witness as to his competency was that he had been running on the line, at the time of the trial, 19 months, and knew what would happen if the car ran the curve at the speed stated. The question of the competency of a witness to give expert evidence is largely in the sound discretion of the trial court, and its decision of the question will not be reversed by this court unless it is manifestly against the weight of the evidence. Papooshek v. Winona & St. P. R. Co., 44 Minn. 195, 46 N. W. 329; Crich v. Williamsburg City F. I. Co., 45 Minn. 441, 443, 48 N. W. 198; Lawson, Exp. Ev. 236.

The evidence in this case falls far short of conclusively showing the competency of the witness. It is to be observed that the conductor was not asked for the result of his experience and observation in the matter of running a car at a high rate of speed around a sharp curve, but the question simply called for his judgment (opinion) as to what would happen in such a case. The simple fact that he had been a conductor on the line for 19 months, or that he said he knew what would happen in the supposed case, did not necessarily qualify him as an expert. It did not appear that he had ever witnessed any facts or experiments which would qualify him to give an opinion, or that he had any special or greater knowledge of the laws of mechanics than the jury or men in general possessed. It was not reversible error for the court to sustain the objection.

Order affirmed.