EDWARD W. BACKUS v. DELIA A. AMES.

February 8, 1900.

Nos. 11,928—(213).

| 79 | 145 |
|---|---|
| 107 Wis | 27 |
| 79 | 145 |
| 84 | 504 |
| 79 | 145 |
| 85 | 137 |

Negligence of Insurance Broker—Charge to Jury.

This is an action to recover damages on account of the alleged negligence of the defendant's testator, as an insurance broker, in failing to replace two policies of insurance upon the plaintiff's lumber before it was destroyed by fire. *Held*, the trial court did not err in instructing the jury to the effect that the law presumes that the broker did his duty, and that the defendant was not obliged to offer any evidence to show that he exercised ordinary care in the premises until the plaintiff had shown that he was negligent.

79 M.—10

### Duty of Broker.

When a broker undertakes to place insurance for another, it is his duty, in case he is unable to do so, seasonably to notify his principal, but his duty to give such notice does not begin until he has had a reasonable time in which to find out, by the exercise of ordinary diligence, whether or not he can place the insurance.

### Expert Witness—Discretion of Court.

The question of the competency of a witness to give expert evidence is largely in the discretion of the trial court, and its decision thereon will not be reversed, if there is any evidence fairly tending to support it.

### Evidence of Hazardous Risk.

As bearing on the question of the deceased broker's negligence, evidence tending to show the hazardous nature of the risk to be insured against, and the difficulty of securing insurance on the property in question, was competent and material.

### Verdict Sustained by Evidence.

The verdict for the defendant is sustained by the evidence.

Action in the district court for Hennepin county against defendant, as executrix of the will of Eli B. Ames, deceased, to recover $4,000 damages for decedent's negligence in failing to replace policies of fire insurance. The case was tried before Pond, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Fifield, Fletcher & Fifield,* for appellant.

*Flannery & Cooke,* for respondent.

START, C. J.

The defendant's testator, Eli B. Ames, was, on August 12, 1893, and had been for some years prior thereto, an insurance agent and broker, doing business as such at the city of Minneapolis. He died February 12, 1898, and this action was brought against his executrix to recover damages for his alleged negligence, as such broker, in failing to replace two policies of insurance, aggregating $4,000, upon certain lumber belonging to E. W. Backus & Co., which was destroyed by fire August 13, 1893. The plaintiff has succeeded to all the rights of the firm. Trial by jury, verdict for the defend-

ant, and the plaintiff appealed from an order denying his motion for a new trial.

1. The first claim urged by plaintiff is that the trial court erred in giving the defendant's sixth and seventh requested instructions. They were to the effect that the burden was upon the plaintiff to establish the negligence of Ames, because the law presumes that he did his duty, and that the defendant was not obliged to offer any evidence to show that he exercised ordinary care in the premises until the plaintiff had shown that he was negligent. The correctness of the instructions, as general rules of law, is not questioned, but it is urged that, in view of the particular facts of this case, they were inaccurate and misleading. The special facts claimed were that the plaintiff had two policies of insurance on his lumber yard, which were in force, and were on Saturday, August 12, 1893, surrendered to the agent of Ames, upon his promise to procure other policies in their place, and bring them to the plaintiff during the afternoon of that day, which the agent failed to do. The plaintiff insists that this agreement of the agent must be taken exactly as if made by Ames himself, and that it amounts to an express admission by him that there was a reasonable time during the afternoon in which to replace the insurance and to return the policies; hence his unexplained failure to do so is prima facie negligence, and therefore the instructions were erroneous.

If the plaintiff had brought an action on the contract in the lifetime of Ames, or had presented his claim for damages arising from a breach thereof to the probate court, then proof of the contract and its breach would establish a prima facie right to damages. But such is not this case. The plaintiff elected to cut loose from his contract, if he had one, thereby obviating the necessity of presenting his claim for damages for its breach to the probate court, and brought an action for tort, pure and simple, against the executrix, for damages on account of the alleged negligence of her testator as his agent or broker. There could be no recovery against the executrix on the alleged contract in an original action in the district court, for all such claims must be presented to the probate court within the time limited, or they are barred. G. S. 1894, §§ 4511-4514. It follows that the rules of evidence applicable

to an action for negligence, as distinguished from one on contract, apply to this case, and that the mere fact that the agent did not place the insurance within the time limited did not relieve the plaintiff of the burden of proving the negligence of the agent in the premises, or require the executrix to show affirmatively that he exercised ordinary care.

It is true, as claimed, that there are many cases where a party assuming a duty is bound, when called to account, to show that he used due care in the premises.   Such is the case where the duty assumed is one for personal service, and there is no dependence on the act or consent of another.   But in this case the placing of the insurance was a matter which the agent had no power to control.   He did not undertake to become the insurer of the property, nor could he place the insurance in any of the companies he was then authorized to represent, as his own agency was then carrying a full line on the risk.   It is practically conceded that he undertook, as the agent or broker of the plaintiff, to secure the insurance for him in such companies as might be willing to write it. The court did not err in giving the instructions complained of.

2. The trial court instructed the jury that, if Ames undertook to act as plaintiff's insurance broker in placing the insurance in question, he was bound to proceed, and exercise all reasonable diligence and effort in the premises, and if, after using such diligence and effort to secure such insurance, he found himself unable to do so, then it was his further duty promptly so to notify the plaintiff, and, if such notice was not in fact given, he was negligent;

"Provided, however, you do not further find that at the time it became, in the event aforesaid, the duty of said Ames to give plaintiff such notice, the lumber which was to be covered by such proposed insurance had not then been already destroyed by fire."

The court also instructed the jury as follows:

"In the event you do find that this intervening time was reasonably sufficient for the purpose of giving plaintiff such notice, and you further find that plaintiff would not, under the circumstances, have been able to have procured such other insurance after such notice, then the fact of said Ames not having given such notice is immaterial."

The giving of the proviso, and the further instruction which we have quoted, are assigned as error. When a broker undertakes to place insurance for another, it is his duty, in case he is unable to do so, seasonably to notify his principal. He is bound to proceed with all reasonable diligence to ascertain whether he can place the insurance, and, in case of failure, he must give the notice, but the duty of giving the notice does not arise until after the lapse of a reasonable time in which to make due efforts to place the insurance. The trial court fully and explicitly charged the jury that such was the duty of Ames in this case.

The proviso complained of was to the effect that the duty of Ames to give such notice did not begin until he had exhausted all reasonable efforts to place the insurance, and, if that time had not expired before the lumber was destroyed by fire, he was not bound thereafter to give the notice. This was clearly correct, for the reason of the rule requiring notice to be given is to afford the principal an opportunity to secure, if he can, insurance elsewhere. But, if the property to be insured is destroyed before the time arrives when the broker is required to give notice of his inability to secure the insurance, it would be an idle form to give it afterwards. It was not error for the court to add the proviso. Nor was it error for the court to instruct the jury, in effect, that any failure of Ames to give the notice would be immaterial, if, as a matter of fact, the plaintiff would have been unable to have placed the insurance, even if notice had been given. The failure to give the notice, in such a case, would not be the proximate cause of the plaintiff's damages; hence it would be immaterial. The evidence on the trial made the giving of the instructions complained of pertinent, for it tended to show that it was nearly noon on Saturday, August 12, 1893, when the agreement to procure other insurance was made, that many of the insurance offices were closed during the afternoon, and that it was difficult to get insurance on the lumber in question at that time. The fire occurred before noon of the next day (Sunday).

3. An insurance adjuster was called as a witness for the defendant, who testified that he had been adjusting losses for fire insurance companies for seven or eight years, during which time he had

made investigations as to the value of lumber in the city of Minneapolis and other cities; that he saw the lumber of the plaintiff in question before the fire, and knew its value. The cross examination of the witness as to his competency to express an opinion as to the value of the lumber tended to modify materially his positive statement that he knew its value, but, over the objections of the plaintiff that the witness had not been shown competent, he was permitted to give his opinion as to the value of the lumber. This is assigned as error. The question of the competency of a witness to give expert evidence is largely in the discretion of the trial court, and its decision of the question will not be reversed, if there is any evidence fairly tending to support it. Papooshek v. Winona & St. P. R. Co., 44 Minn. 195, 46 N. W. 329; Blondel v. St. Paul C. Ry. Co., 66 Minn. 284, 68 N. W. 1079. The decision of the court as to the competency of the witness falls within this rule, and must be and is sustained.

Exception was also taken by the plaintiff to the admission of evidence on the part of the defendant tending to show the hazardous nature of the risk, the difficulty of securing insurance on the property in question, the reluctance of insurance companies to write such insurance, and that many of the insurance offices were closed on Saturday afternoon. It is urged that this was error, because Ames assumed the duty of procuring the insurance with full knowledge of the situation, and whether it was an easy or a difficult task was immaterial, in view of the fact that no attempt was made to show what he actually did do in the premises. If this action had been brought in the lifetime of Ames, there would be some force in the suggestion. But, because it was impossible for the defendant to offer direct evidence as to what her testator did, it by no means follows that she was precluded from giving circumstantial evidence tending to show the unreasonableness of the plaintiff's claim that Ames' failure to secure the insurance before the fire was due to his negligence. The evidence received was competent and material, as bearing on the question of the broker's negligence.

The admission of testimony tending to show that Ames, some thirty days before the time in question, made an unsuccessful effort

to induce certain insurance companies to increase their risk upon the plaintiff's lumber, is also assigned as error. It was not error to admit this evidence. It was competent, as tending to show that insurance companies were reluctant to place insurance on the property in question. The objection that the testimony involved a conversation between the witness giving it and a deceased person is without merit, for the witness was not a party to the action nor interested in the result thereof.

4. The only other assignment of error meriting special mention is that the verdict is not sustained by the evidence. Our conclusion on this question, based upon a consideration of the whole record, is that the verdict is a just one, and that it is reasonably supported by the evidence.

Order affirmed.