THOMAS J. YORKS v. MARY H. MOOBERG.[1]

December 6, 1901.

Nos. 12,708—(84).

Ejectment—Pleading—Evidence.

> In this action of ejectment it is *held* that the answer admits the possession of the premises as alleged in the complaint, and that the trial court did not err in its rulings as to the competency of witnesses called to show the rental value of the premises, or in assessing the plaintiff's damages for the withholding of the possession thereof.

Action in ejectment in the district court for Washington county. The case was tried before Williston, J., who found in favor of plaintiff and directed judgment against defendant for $112 for the use and occupation of the land. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Bishop H. Schriber*, for appellant.

*James N. Castle*, for respondent.

START, C. J.

The complaint herein alleged that on or about November 27, 1894, the plaintiff was, and ever since has been, the owner and entitled to the possession of a certain forty acres of land; that the defendant is, and ever since May 25, 1896, has been, in the unlawful possession thereof, and wrongfully withholding the same from the plaintiff, and that the reasonable value of the mesne profits arising from the land since the defendant has been in the possession thereof was the sum of $500; and that he had been damaged in that sum by the withholding of the land from him.

The answer denied that on November 27, 1894, the plaintiff was the owner of the land, and, in legal effect, denied all of the other allegations of the complaint. This last denial was followed by a special denial in these words:

"She particularly denies that the use and occupation of said real estate, or the rents or amount of profits arising from the same,

[1] Reported in 87 N. W. 1115.

since she has been in possession thereof, have been worth or of the value of the sum of $500, or any other sum; and she particularly denies that the defendant has been damaged by her occupation of the land, or by any other matters or things set out 'in the complaint."

The answer affirmatively alleged that on May 25, 1896, the defendant purchased the land for a valuable consideration, and that it was on that day duly conveyed to her.

The trial court found as facts that the plaintiff became the owner in fee of the land December 3, 1894; that the defendant had been in the unlawful possession thereof, and wrongfully withheld the possession of the same from the plaintiff, from May 25, 1896, to the day of the trial; that the use and occupation of the premises were of the value of $112. And as a conclusion of law it was found that the plaintiff was entitled to judgment for the recovery of the possession of the land and for $112. The defendant appealed from an order denying her motion for a new trial.

The first alleged error urged by the defendant is that there was no evidence to sustain the finding of the trial court that she was in the possession of the land. The only evidence disclosed by the record as to the possession of the land is to the effect that John Mooberg took possession of the land in 1896, and ever since retained it. But what relation he sustained, if any, to the defendant, the record does not disclose. The record, however, indicates that the cause was tried upon the concession that there was no issue as to the defendant's possession. However this may be, such was the fact; for by no fair construction of the pleadings can it be held that the defendant's alleged possession of the land was in issue. The special denial in the answer which modifies the general denial as to the defendant's alleged possession admits that the defendant was and had been in the possession and occupancy of the land. True, it does not directly admit the time when her possession began, but, in the absence of any allegation as to such time, the answer must be construed as admitting the time as alleged in the complaint. Any other construction of the answer would permit the pleader to palter in a double sense,—a result surely not intended by counsel in drafting this answer. We

therefore hold that the defendant's possession of the premises as alleged in the complaint was admitted by the answer.

It is also urged that the court erred in overruling the defendant's objections to the testimony of the several witnesses by whom the plaintiff sought to prove the rental value of the land, for the reason that they were not shown to be competent to give an opinion upon the question. The qualification of a witness to testify as an expert is a question for the trial court, whose decision will not be reversed on appeal unless it is manifestly against the weight of the evidence. Papooshek v. Winona & St.. P. R. Co., 44 Minn. 195, 46 N. W. 329; Blondel v. St. Paul City Ry. Co., 66 Minn. 284, 68 N. W. 1079; Backus v. Ames, 79 Minn. 145, 81 N. W. 766; Fossum v. Chicago, M. & St. P. Ry. Co., 80 Minn. 9, 82 N. W. 979. The rulings of the trial court as to the competency of the witnesses fall within this rule, and they must be, and are, sustained.

The last alleged error meriting special consideration is that the court did not deduct or exclude the value of the use of the improvements in assessing the plaintiff's damages. The measure of damages adopted by the trial court was the rental value of the land, exclusive of the buildings thereon, which were not erected by the plaintiff. The evidence, however, showed that some seven or eight acres of the land had been broken by John Mooberg, but no claim was made in the pleadings or on the trial by the defendant that she had ever made any improvements on the land, or that she was entitled to any diminution of the rental value on account thereof. Therefore the court did not err in assessing the damages.

Order affirmed.