,W. E. MEYERS v. GEORGE McALLISTER and Another.[1]

May 19, 1905.

Nos. 14,282—(62).

**Competency of Witness.**

The question of the competency of a witness to give opinion evidence is a preliminary one for the trial judge, and rests largely in his discretion. His decision thereon will not be reversed where there is any evidence fairly tending to show competency, or where the witness is held incompetent, unless the decision is manifestly against the weight of the evidence.

**Evidence—Value.**

The trial court did not err in receiving opinion evidence as to the value of the property here in question.

**Evidence—Itemized List of Chattels.**

It was not reversible error to receive in evidence a list of personal property, containing several hundred different items, shown to be correct by the testimony of the party who made it, without formal and direct proof that he could not testify to the details independently of the list, it being obvious upon its face that he could not do so.

[1] Reported in 103 N. W. 564.

**Evidence—Lien on Goods Sold.**

> An unpaid seller of goods has a lien on them while he is in possession thereof, but the lien is divested by a delivery, unless there is a contract to the contrary. Rule applied, and *held*, that an offer of evidence to prove a seller's lien upon goods which had been delivered was properly excluded, for the reason that there was no offer to prove an agreement that the lien should continue notwithstanding the delivery.

Appeal by defendants from an order of the district court for Itasca county, McClenahan, J., denying a motion for a new trial. Affirmed.

*C. C. McCarthy* and *Alfred L. Thwing*, for appellants.

*Frank F. Price*, for respondent.

START, C. J.

Action to recover possession of certain personal property, consisting of a logging outfit. The complaint alleged the plaintiff's ownership of the property, its value, and that the defendants on November 15, 1903, at Blackduck, this state, took the property from his possession, and detains the same. The answer admitted the taking of a portion of the property, and alleged that the part taken was of the value of $488.20, and no more, and claimed to justify the taking by virtue of an alleged seller's lien on the property. The reply put in issue the new matter alleged in the answer. Verdict for the plaintiff that he was entitled to the possession of the property described in the complaint, and that the value thereof was $600. The defendants appealed from an order denying their motion for a new trial.

1. The first contention of the defendant to be considered is that the trial court erred in receiving the testimony of two witnesses called by the plaintiff as to the value of the property, for the reason that neither was shown to be competent to give an opinion as to such value. An analysis of the evidence shows that there was but little controversy between the parties as to the aggregate value of the whole property, although there were material discrepancies as to particular items, and that the value as established by the verdict is not materially greater, excluding interest, than the aggregate estimates of the value given by one of the defendants. But this aside, there was no reversible error in the ruling of the trial court as to the competency of the witnesses, for the question of the competency of a witness to give expert evidence

is a preliminary one for the trial judge, and rests largely in his discretion. His decision of the question will not be reversed where there is evidence fairly tending to show competency, or where the witness is held to be incompetent, unless the decision is manifestly against the weight of the evidence. Papooshek v. Winona & St. P. R. Co., 44 Minn. 195, 46 N. W. 329; Blondel v. St. Paul City Ry. Co., 66 Minn. 284, 68 N. W. 1079; Yorks v. Mooberg, 84 Minn. 502, 87 N. W. 1115.

The evidence as to the competency of the witnesses, while not entirely satisfactory, was sufficient to sustain the decision of the trial judge, when tested by the rule stated.

2. The plaintiff called as a witness his clerk, who superintended the storing of the greater part of the property in question with a third party, from whose possession the evidence tended to show the defendants took the same property. The witness testified to the effect that when he stored the goods a list of the different articles was made and checked over by him, and that he knew the list to be correct. A true copy of this list made by the witness was, upon proof being made of the loss of the original, received in evidence, over the objection of the defendants that no foundation had been laid for its introduction. This is urged as error, for the reason that there was nothing in the record to furnish a foundation for the admission in evidence of the list. No point is here made that a verified copy was received in place of the original. See Insurance Companies v. Weides, 14 Wall. 375. It is, however, urged that the witness did not testify, nor was it otherwise shown, that he was unable to specify the several items or articles of property so stored from his recollection, without being obliged to rely upon the list.

The general rule is, as stated by defendants' counsel in his exhaustive brief, that an ordinary memorandum is not admissible in evidence, unless a foundation be first laid by the testimony of the witness who made it that he knows it to be correct. It must also be made to appear to the satisfaction of the trial judge that the witness cannot testify to the details shown by the memorandum independently of it. Ordinarily such fact can best be, and ought to be, shown by the direct testimony of the witness who made the memorandum, but the rule is not inflexible. Stahl v. City of Duluth, 71 Minn. 341, 74 N. W. 143.

In this case the witness was not asked whether he could testify of

his own recollection to the detailed items of the property contained in the list independently of it. The list, however, upon its face, satisfactorily shows that he could not truthfully so testify, for it was a list of some six hundred different items of personal property. Clearly it was not error to receive the list or memorandum in evidence because the witness did not testify to a fact which was obvious on the face of the memorandum.

3. The defendants offered to prove certain facts, stating them in detail. The offer was objected to by the plaintiff as immaterial, and the objection was sustained. It is urged that the ruling was error, for the reason that the offer was in effect one to prove a seller's lien on the personal property. An unpaid seller of goods has a lien on them while he is in possession thereof, but the lien is divested by a delivery, unless there is a contract, express or implied, to the contrary. Now, it is undisputed in this case that the plaintiff purchased the personal property in question from the defendants, and that it was delivered to him. The defendants' offer was somewhat obscure, but it included no offer to prove an agreement between the parties that the seller should retain his lien notwithstanding the delivery of the property. It follows that the trial court rightly excluded proof of the offer, for it was immaterial.

There are no other assignments of error meriting special consideration.

Order affirmed.