DIAMOND v. DUNCAN.   (No. 2324.)

(Supreme Court of Texas.   Jan. 27, 1915.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—PRESUMPTION—CONFLICTING EVIDENCE.

On review after a verdict on conflicting evidence, the Supreme Court will assume that the facts were as found by the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935-3937; Dec. Dig. § 1002.*]

2. INSURANCE (§ 103*)—AGENT OF INSURED—FAILURE TO REINSURE—LIABILITY.

Where an insurance broker undertook to keep properties insured and, after expiration of the policies taken out by him, neglected to secure new policies for a period during which the property was destroyed by fire, he was liable for the loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Eugene Duncan against W. L. Diamond. A judgment for plaintiff was affirmed by the Court of Civil Appeals (138 S. W. 429), and defendant brings error. Affirmed.

Alex Weisberg and Spence, Knight, Baker & Harris, all of Dallas, for plaintiff in error. Harry P. Lawther, of Dallas, for defendant in error.

BROWN, C. J. From the opinion and the briefs and argument of parties, we make the following statement of facts as they were presented to the jury on behalf of the plaintiff, Duncan:

The Court of Civil Appeals said that the evidence was conflicting, and, it being conflicting, we must adopt that statement which is most favorable to Duncan, in whose favor the jury found on the issues presented. We therefore make the following brief statement of what we understand to be substantially the facts proved by plaintiff below: Diamond and Duncan were old friends and had been closely associated for many years. Diamond was in the brokerage business in connection with other business transactions, and for a number of years had superintended the procuring of insurance for Duncan on his property, taking charge of that business entirely and placing the insurance wherever he saw fit to do so, and secured for Duncan two policies of insurance in the Traders' Insurance Company, one for the sum of $1,500 on Duncan's residence, and on the 16th of October, 1904, he obtained for Duncan a policy of insurance for $200 on the same property. Both of the policies were to run for three years from date thereof, and both expired before the fire occurred. Before the expiration of the time for which the insurance was issued, the Traders' Insurance Company became wholly insolvent, which fact was unknown to Duncan, but was known to Diamond, who failed and neglected to apprise Duncan of the insolvency, or to obtain any substitute insurance for him. The result was the loss by a subsequent fire of the property which had been insured. The evidence justifies the conclusion that Diamond undertook, as insurance broker, to keep property of Duncan insured without any action on the part of Duncan, and that Duncan, relying on that undertaking and agreement, paid no attention to the issuance of the policies or when they expired or anything connected with them. After the policies had expired, something like a year's time, the houses upon which the two policies were issued burned, and no other insurance had been procured by Diamond for the protection of Duncan. Duncan had inquired about his insurance prior to the fire and was assured that the policies were in effect and all right. Duncan had no notice of the failure of the company, and did not know that the policies were worthless or had expired, until after the houses burned, and he went to Diamond for the purpose of making proof and instituting proceedings for the collection of his claim. It was then that he heard for the first time that the company in which he was insured was insolvent and the policies had expired. Evidence on the part of Diamond controverts these facts and disputes the truth of almost everything proven on the part of the plaintiff.

[1] The facts were submitted to the jury, and the jury found in favor of Duncan. Therefore we must act upon this case on the assumption that the facts were as Duncan claimed and as the jury found, and must apply the law to them as if there were no controversy; because, the questions of fact being settled, this court cannot affect the credibility of the witnesses or anything of that character.

[2] We restate the proposition which is before us and which contains the only issue that is presented to us in this case, thus: Diamond, an insurance broker, undertook to keep the property of Duncan insured, and having insured it in a company that failed, and of which failure he had knowledge, did not give notice to Duncan of such failure or take steps to procure substitute insurance. The evidence upon the issue of Diamond's undertaking to keep Duncan's property insured is conflicting, but plaintiff's evidence is sufficient to sustain the finding in his favor. We have no authority to inquire into the propriety of the verdict, or the correctness of the conclusions of fact. Therefore we will dispose of the case upon the finding that plaintiff in error was an insurance broker, and had for years procured insurance for defendant in error on his property and undertook to procure and furnish fire insurance on Duncan's property, which he had done many years. Duncan had the right to rely upon Diamond's performance of the agreement, and having failed, and the prop-

erty being destroyed by fire with no insurance, Diamond is liable for the loss. Mechem on Agency, § 476; Kaw Brick Co. v. Hogsett & Woodward, 73 Mo. App. 432; D. Thorne et al. v. Deas, 4 Johns. (N. Y.) 84; Backus v. Ames, 79 Minn. 145, 81 N. W. 766.

We find on our application docket an entry to the effect that Diamond was not liable for the $200. We have examined the matter carefully, and find no ground for difference in liability for the $1,500 and his liability for the $200. The duty to reinsure each was the same, and, upon failure, the liability must be the same. In fact, the failure of the insurance company is of no importance in this case; for if it had continued to be solvent and the policies had expired, the failure to reinsure would have imposed the same liability upon Diamond as attaches under the facts before us.

If Diamond had pleaded his right to a credit for the amount that it would have cost Duncan to reinsure the property, he might have been entitled to have that sum deducted; but the question is not before us properly. It was not presented in the trial court; in fact, it appears first in the application for writ of error.

We find nothing to justify this court in reversing the judgment of the district court. It is ordered that the judgments of the district court and the court of Civil Appeals be, and they are, affirmed.