(June 27, 1918.)

J. E. WALLACE, Respondent, v. HARTFORD FIRE IN-
SURANCE COMPANY, a Corporation, and LEE A.
STRICKFADDEN, Appellants.

[174 Pac. 1009.]

INSURANCE—PRINCIPAL AND AGENT—NEGLIGENCE—DAMAGES.

1.   The failure of an insurance agent, through negligence, to issue a policy of insurance, under the circumstances disclosed in the following opinion, is a tort for which both the principal and agent are liable in damages.

[As to estoppel of insurer to rely on limitations placed on agent's authority, see note in Ann. Cas. 1914A, 590.]

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

Fred E. Butler, for Appellants.

A general statement of the fundamental principles is sufficient to show that this is an action in contract and not in tort. (38 Cyc. 426; *Atlantic & P. Ry. Co. v. Laird,* 164 U. S. 393, 17 Sup. Ct. 120, 41 L. ed. 485; 1 C. J. 929.)

Where an agent acts on behalf of a disclosed principal, his acts and contracts within the scope of his authority are generally considered as the acts and contracts of the principal, and, in the absence of an agreement otherwise, involve no personal liability on the part of an agent to the third person, except in an action for tort. (2 C. J. 812.)

An agent who, acting within the scope of his authority, enters into contractual relations for a disclosed principal, does not bind himself in the absence of an express agreement to do so. (31 Cyc. 1552.)

It is a general rule both at common law and under the codes, that an agent is not the proper party to actions against third persons. If he has kept within the scope of his employment, acted and contracted merely as agent for a disclosed principal, all suits which concern the business must be brought in the name of the principal and not in the name of the agent. Likewise where it is the third party who institutes the suit, it is the principal and not the agent who must be made defendant. (Citing many cases.) (16 Ency. Pl. & Pr. 890.)

Nor is the agent who acts without authority or beyond his authority liable on a contract that he attempts to enter into for a disclosed principal, even when all the elements of a contract are present. The only remedy against the agent is an action in tort, not on the contract, but in the nature of a trespass on the case for fraud and deceit. (*Long v. Colburn,* 11 Mass. 97, 6 Am. Dec. 160; *Clark v. Foster,* 8 Vt. 98; *Webster v. Larned,* 6 Met. (Mass.) 522; *Gilmore v. Bradford,*

82 Me. 547, 20 Atl. 92; *Teele v. Otis,* 66 Me. 329; *Bartlett v. Tucker,* 104 Mass. 336, 6 Am. Rep. 240; *Ballou v. Talbot,* 16 Mass. 461, 8 Am. Dec. 146.)

Eugene A. Cox and Charles H. Chance, for Respondent.

The failure of the agents to write the policy should not prevent a recovery by the plaintiff, and whatever conditions may have been embraced in the policy if written are not now in the case. (*Chenier v. Insurance Co. of North America,* 72 Wash. 27, Ann. Cas. 1914D, 649, 129 Pac. 905, 48 L. R. A., N. S., 319; *Carroll v. Hartford Fire Ins. Co.,* 28 Ida. 466, 154 Pac. 985.)

"Many torts arise out of a state of facts which constitutes also a breach of contract, and in that event the injured party may elect to bring his action either *ex contractu* or *ex delicto.*" (28 Am. & Eng. Ency. of Law, 2d ed., 255.)

Under the code all that is now necessary is to plead the essential facts. With the agency of Strickfadden admitted the case is one upon a contract. Had the agency not been established, the action would have been in tort against Strickfadden and an amendment to conform to the proof might have been required.

MORGAN, J.—This is an action for damages which was, by agreement of the parties, tried to the court without a jury. It grew out of the following facts, either admitted or established by a preponderance of the evidence to the satisfaction of the trial court, and which we will assume to be true, in conformity with the well-known rule that "an appellate court will not disturb the judgment of a trial court, because of conflict in the evidence, where there is sufficient proof, if uncontradicted, to sustain it." (*Sweeten v. Ezell,* 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Lambrix v. Frazier, ante,* p. 382, 171 Pac. 1134.)

On and about June 2, 1913, and continuously thereafter until subsequent to July 8th of that year, appellant, Strickfadden was the agent, at Ft. Lapwai, Idaho, of appellant, Hartford Fire Insurance Company, authorized to make and

negotiate contracts of fire insurance, write and deliver insurance policies, collect premiums therefor, and, generally, to represent it as its agent in all matters relating to such .contracts in that community. At the same time he was cashier of the bank at Ft. Lapwai and from prior to June 2, 1913, until several months thereafter respondent had a deposit in the bank, in the form of a checking account, continuously, in excess of $200, from which Strickfadden had full authority to withdraw the amount of the premium which, as will be hereinafter shown, he agreed to issue in appellant company. From prior to June 2, until July 8, 1913, respondent was the owner of a stock of drugs and drug-store furniture and fixtures, at Ft. Lapwai, of the value of $5,200. During all the time respondent resided in Ft. Lapwai his insurance policies were kept in the bank and Strickfadden had access to them, and the latter, prior to June 2, 1913, had, as agent for a fire insurance company, other than the Hartford, insured respondent's stock of goods, furniture and fixtures, and had collected the premium by deducting the amount thereof from his deposit and making out a cashier's charge slip therefor which was delivered to him with his canceled checks. In addition to the insurance procured from Strickfadden respondent had a policy, written by an agency in Spokane, Washington, in a company other than the Hartford, in the sum of $1,500, $1,200 of which was on his stock of goods and $300 on the furniture and fixtures. The premium on this policy was $31.50 and its term of existence was one year, from July 1, 1912, to July 1, 1913. It was placed in the bank, for safekeeping, and Strickfadden had access to it. Prior to June 2, 1913, Strickfadden solicited from respondent the insurance business represented by this last-mentioned policy, when it should expire, and on the last-named date he was in the latter's place of business when he received by mail and called attention to a notice from the Spokane agency that the date of expiration was July 1st. Strickfadden, at that time, again requested to be allowed to write the insurance and it was agreed between him and respondent that he should write it in appellant company in the same amount as that expressed

in the expiring policy, and that he should procure and refer to said policy for data necessary to enable him to prepare the one he was to issue. Twice thereafter, during the month of June, respondent asked Strickfadden if he had written the policy and on each occasion he stated he had not, but would attend to it the next morning. Relying upon this agreement and assurance respondent permitted his policy to expire on July 1st, without procuring a renewal or other insurance in lieu thereof, and on July 8th his stock of goods, furniture and fixtures except property of the value of $1,000, which was salvaged, were destroyed by fire. The loss was partly covered by a valid policy amounting to $1,500, which was paid, leaving a net uninsured loss of $2,700. The trial court found that by the neglect and failure of appellants to make the policy of insurance, according to the agreement, respondent was damaged in the sum of $1,500, less $31.50, the amount of the premium he would have paid had the policy been issued, together with interest, amounting in all to $1,719, for which sum, and costs, judgment was entered. This appeal is from the judgment and from an order denying a motion for a new trial.

Appellants, in their briefs of argument, seem to proceed upon the theory that this action is based upon an oral contract of, or for, insurance. This is erroneous. The nature of the action is to be determined from the pleadings. The substance of the complaint is that appellants, for a valuable consideration, agreed to insure respondent's property; that he relied upon their agreement and did not procure insurance; that his property was destroyed by fire, and that, by reason of the negligence of appellants, in that they failed to issue the policy and insure the property, he has been damaged. Reference to the agreement to issue the policy is made, in the complaint, by way of inducement, showing how the duty to issue it arose. The gist of the cause of action is that respondent was procured to not obtain insurance, and that appellants, by negligence, failed to perform that duty whereby he suffered damage. Strickfadden's answer is a denial of such allegations of the complaint as are not ad-

mitted by his failure to answer them. It may be said to place the material allegations of the complaint in issue. The Hartford Fire Insurance Company, in its answer, admits its corporate existence and its right to transact business in the state of Idaho; denies the allegations of the complaint, and further denies, among other things, that it ever agreed to, or was obligated to, write any policy of insurance in favor of respondent. This is not to be confused with that class of cases wherein actions have been brought to recover, in whole or in part, indemnity provided for in contracts of insurance, executed or executory, written or unwritten, express or implied. Respondent does not rely upon such a contract and neither appellant alleges, and the company expressly denies, that one existed.

It is clear it was not the intention of the parties that the oral agreement to write and execute a policy was, itself, a contract of insurance. Respondent and Strickfadden both understood that the policy, when written and executed, should be such a contract and that none would exist until that was done. All the necessary terms and conditions of the proposed policy were incorporated in the promise of Strickfadden and his conduct in procuring respondent to not renew his expiring policy, coupled with his failure, because of his negligence, to keep that promise, whereby respondent lost his property without the protection a policy of insurance would have afforded him, was a tort. (*Duffie v. Bankers' Life Assn.*, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A., N. S., 25; *Boyer v. State Farmers' Mutual Hail Ins. Co.*, 86 Kan. 442, Ann. Cas. 1915A, 671, 121 Pac. 329, 40 L. R. A., N. S., 164; *Chenier v. Insurance Company of North America,* 72 Wash. 27, Ann. Cas. 1914D, 649, 129 Pac. 905, 48 L. R. A., N. S., 319; *Campbell v. American F. Ins. Co.*, 73 Wis. 100, 40 N. W. 661.) In 38 Cyc. 426, it is said: "As has likewise been seen, tort consists in the violation of a right given or the omission of a duty imposed by law. Therein it differs from contract, where right is granted and obligation assumed by agreement of the parties. Hence to determine the form in which redress must be sought, it is necessary to ascertain source or origin. If

it be found that right or duty was created independent of the consent of the parties concerned, the action is in tort; if because of such consent, it is on contract. Where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done. The question in all cases is whether, if the allegation as to the contract were stricken out, any ground of action would remain.

"It does not militate against the correctness of the rule just stated that a tort may grow out of or be coincident with a contract, and that suit will lie in tort for an act of misfeasance or malfeasance, although a contractual relation may exist between the parties. 'Where there is an employment, which employment itself creates a duty, an action on the case will lie for a breach of that duty, although it may consist in doing something contrary to an agreement made in the course of such employment, by the party upon whom the duty is cast.' The rule has frequently been applied in actions against common carriers and other bailees, factors, brokers, and other agents, telegraph and telephone companies, physicians and surgeons, and in many other cases."

It is contended there is a misjoinder of parties defendant and that this action cannot be maintained against both the principal and agent. This contention cannot be sustained. The acts and omissions resulting in respondent's damage were those of Strickfadden for which he is clearly personally liable. The liability of the company arises from the following rule quoted from 2 C. J., p. 850: "A principal is also liable for the negligent acts of his agent within the scope of his employment and the course of his duties, resulting in injuries to the person or property of another, although the negligence causing the tort occurs while the agent is deviating from the method in which he has been directed to perform the principal's business, unless the negligent act is committed while he is wilfully deviating from the instructions which the principal has given him." (See, also, Storey on Agency,

9th ed., sec. 452.)    Their joint liability is discussed in the same volume of Corpus Juris, on page 903, as follows: "Where an agent and his principal are both liable for the same act of negligence, or the same tort, they may be joined as parties defendant in an action to recover damages for the injuries caused thereby.    They may be sued either jointly or severally like other joint tort-feasors."

The motion for a new trial was without merit.

The judgment and order appealed from are affirmed.    Costs are awarded to respondent.


BUDGE, C. J., Concurring.—Under the facts as found by the trial court, in my opinion there was no contract of insurance, but there was a contract for insurance or to insure.

If there were a contract of insurance the action would be upon the contract and the question of negligence would not be involved; the measure of damages, however, would be the same.

This is an action based upon negligence and tried upon that theory.    In addition to the authorities cited in Justice Morgan's opinion on the proposition that this is an action in tort and not on contract, the following authorities are cited: *Wilken v. Capital Fire Ins. Co.*, 99 Neb. 828, 157 N. W. 1021; *Stearns v. Merchants' Life & Casualty Co.*, 38 N. D. 524, 165 N. W. 568; *Live Stock Ins. Assn. v. Stickler* (Ind. App.), 115 N. E. 691, 694.

There is a line of authorities holding that where a broker undertakes to place insurance for another, it is his duty to do so, that he must exercise ordinary diligence and that he is liable for negligence.    (*Backus v. Ames*, 79 Minn. 145, 81 N. W. 766; *Rezac v. Zima*, 96 Kan. 752, Ann. Cas. 1918B, 1035, 153 Pac. 500; *Diamond v. Duncan*, 107 Tex. 256, 172 S. W. 1100, 177 S. W. 955.)    I am unable to see any distinction in principle,—whether the broker assumes the duty of procuring a certain kind of policy in whatever company he may see fit to place the insurance or whether he assumes the duty of writing the insurance in a designated company which he at the time represents as agent.    The fact that the

property was not insured was due to the negligence of Strickfadden, and while there are many authorities to the effect that an agent or servant is not liable in tort where the negligence amounts to mere nonfeasance, the better rule seems to be and certainly the modern trend of authority is toward holding him liable as well for nonfeasance as for misfeasance. (*Haynes v. Cincinnati, N. O. & T. P. R. Co.*, 145 Ky. 209, Ann. Cas. 1913B, 719, 140 S. W. 176; *Murray v. Cowherd*, 148 Ky. 591, 147 S. W. 6, 40 L. R. A., N. S., 617; *Morey v. Shenango Furn. Co.*, 112 Minn. 528, 127 N. W. 1134 (all cited in note to *Wells v. Hansen*, L. R. A. 1916F, 571); *Sumey v. Craig Mountain Lbr. Co., ante*, p. 234, 170 Pac. 112.)

The following rule quoted from the latter note in L. R. A. 1916F, 574, embraces a principle which applies directly to the facts as found in this case: "Where the servant is in full control of the work he is generally held liable for any negligent act resulting in injuries to others even by those courts which assert a distinction between misfeasance and nonfeasance."

The company was properly joined because the negligence of Strickfadden constituted him and the company joint tortfeasors. ((*Sumey v. Craig Mountain Lbr. Co., supra.*)

The judgment should be affirmed.

RICE, J., Dissenting.—This action, as I understand it, is for damages for failure on the part of appellant insurance company to perform a preliminary contract to insure the personal property of respondent. The trial court found that such contract was entered into on or about the second day of June, 1913. I am of the opinion that there was substantial evidence to sustain the findings of the trial court. (*Eames v. Home Ins. Co.*, 94 U. S. 621, 24 L. ed. 298.) It seems to be well settled that insurance companies may enter into such preliminary agreements. In *McCabe v. Aetna Ins. Co.*, 9 N. D. 19, 47 L. R. A. 641, 81 N. W. 426, the court said: "That an insurance company can, by a preliminary parol contract, bind itself to issue or to renew a policy in the future, seems too well settled to admit of doubt."

In the case of *Campbell v. American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661, the court said: "That a person may maintain an action to recover damages for the breach of a contract to insure is well established by the authorities, and the damages in such a case is the sum which the policy was to insure, if the property to be insured, and which was destroyed by fire during the time of the life of the policy, as it was agreed to be issued, was of the value to be insured by the policy. Upon this question there is no dispute." This case is distinguished in the opinion from that of *Taylor v. Phoenix Ins. Co.*, 47 Wis. 365, 2 N. W. 559, 3 N. W. 584. These principles are supported by the following authorities: *Benner v. Fire Assn. of Philadelphia*, 229 Pa. St. 75, 140 Am. St. 706, 78 Atl. 44; *Sproul v. Western Assur. Co.*, 33 Or. 98, 54 Pac. 180; *Mobile Marine Dock & M. Ins. Co. v. McMillan*, 31 Ala. 711; *Angell v. Hartford Fire Ins. Co.*, 59 N. Y. 171, 17 Am. Rep. 322; *King v. Cox*, 63 Ark. 204, 37 S. W. 877.

Appellants quote Ostrander on Insurance as authority against the validity of such a contract, but as stated by the court in *Benner v. Fire Assn. of Philadelphia, supra*, the argument in Ostrander is not convincing.

In this case it appears that the damages are sought as the result of the failure to perform the agreement. The material allegations of the complaint upon this issue are: "That on or about the second day of June, 1913, plaintiff and defendants, Hartford Fire Insurance Company and Lee A. Strickfadden, entered into a certain contract wherein and whereby the defendants promised and agreed that they would . . . . execute and deliver to plaintiff . . . . a policy of insurance . . . . upon the personal property above described . . . . ; that on or about the eighth day of July, 1913, . . . . of said personal property an amount thereof in excess of the value of $3,000 was destroyed by fire . . . . ; that after said fire plaintiff for the first time learned that defendants had failed and neglected to write said policy of insurance . . . . ; that by said failure and neglect of defendants to write said policy of insurance in accordance with said agreement, plaintiff has been and is damaged. . . . . " The court found:

"That on or about the second day of June, 1913, plaintiff and defendants, Lee A. Strickfadden and Hartford Fire Insurance Company, entered into a certain contract, wherein and whereby said defendants promised and agreed that they would . . . . execute and deliver to plaintiff . . . . a policy of insurance . . . . upon the personal property above described . . . . ; that plaintiff believed and relied upon the said agreement of the defendants . . . . and did not procure any other insurance; that defendants negligently and carelessly failed to write, execute and deliver the policy of insurance . . . . ; that 'by the said failure and negligence of defendants to write said policy of insurance, in accordance with the said agreement, plaintiff was damaged. . . . . ''

It does not appear that damages were sought on account of the failure of appellants to perform any duty required by law, independently of or in addition to or aside from the agreement of the parties. Upon tracing the claim for liability for damages to its source it appears to originate in the alleged breach of the contract itself, and hence I am of the opinion that the action is one on contract and not one in tort. The authorities cited by my associates, in which causes of action were said to sound in tort, were, I think, cases where no contract existed as a basis for an action, but were cases where the liability arose out of the neglect to perform a legal duty resting upon the insurance companies, or their agents, aside from any contract of or for insurance. It is clear that both the agent and the company are not liable on the contract. It is also clear from the evidence in this case that the agreement was made with Strickfadden as agent and not as principal. (See *McCabe v. Aetna Ins. Co., supra.*)

It appears that the policy which it was agreed should be written was to have been for $1,200 on the stock of merchandise and $300 on the furniture and fixtures. The findings of the trial court do not segregate the amount of the loss due to the destruction of the stock of merchandise from that due to the loss of fixtures. The entire loss, either on the fixtures or on the stock of merchandise, may have been covered by a

payment made by another insurance company. The findings, therefore, do not support the judgment.

I think the judgment should be reversed, and the action dismissed as to appellant Strickfadden and a new trial granted.

Petition for rehearing denied.