## W. L. DIAMOND v. EUGENE DUNCAN.

### No. 2324. Decided January 27, June 26, 1915.

**1.—Agency—Insurance Broker—Failure to Reinsure.**

An insurance broker who has undertaken to keep the property of another insured for the latter's protection is liable for loss incurred through his failure to reinsure when it becomes unprotected by reason either of expiration of the term of the policy or of the insolvency of the company insuring, in case the fact of expiration or insolvency was known to him and unknown to his principal who relied on him to keep it insured. (Pp. 259, 260.)

**2.—Same—Damages—Cost of Reinsurance—Pleading.**

An insurance broker held liable for damages from his failure to perform his undertaking to keep insurance in force upon the property of another destroyed by fire, must plead as offset to such claim the cost of effecting such insurance in order to be entitled to credit therefor. (Mr. Justice Hawkins dissenting.) (P. 260-263.)

**3.—Same—Burden of Proof.**

Even if the insurance broker was entitled, without pleading such defense, to offset the cost of reinsurance against the damages recoverable against him for failure to effect it, the burden was upon him to prove such cost, especially as it was peculiarly within his knowledge, he issuing the policies as agent of the insurance companies. (Mr. Justice Hawkins dissenting.) (Pp. 261-263.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Duncan sued Diamond and obtained judgment, from which the latter prosecuted appeal and on affirmance obtained writ of error from the Supreme Court.

*Alex. F. Weisburg,* and *Spence, Knight, Baker & Harris,* for plaintiff in error.—Where an insurance broker has been in the habit of renewing certain insurance upon its expiration from year to year of his own motion, and voluntarily delivering the policies to the owner of the property, and where the owner of the property, for the reason aforesaid, relied upon the broker to continue renewing his insurance in the future upon the expiration thereof, and relied upon him to notify him in the event that the insurance company in which his policies were written became insolvent after the procurement of the policies, but where the broker never expressly promised to do the things aforesaid, the broker, as a matter of law, is not charged with the affirmative duty of notifying the owner of the property of the insolvency of the insurance company, or of voluntarily getting new or substitute insurance in the absence of an express undertaking to do so. American F. Ins. Co. v. Brooks, 83 Md., 22; Giddings v. Scudder, 71 Ill., 86; Hermann v. Niagara F. Ins. Co., 100 N. Y., 411; Ostrander, Law of Fire Ins., par. 47; Mechem on Agency, sec. 931; Bennett v. City. Ins. Co., 115, Mass., 241; Van Valkenburgh v. Lennox Fire Ins. Co., 51 N. Y., 465; White v. Connecticut Fire Ins. Co., 120 Mass., 330.

The charge to the jury upon the measure of damages having been erroneous in not allowing the defendant a credit with the amount of the

premium to have been paid upon the policies that plaintiff claims were ordered to be written for him, and the evidence being insufficient to show the amount of the premium to which the defendant would thus be-entitled and the sum paid thereon, the cause must be reversed and remanded for the reason that the evidence is insufficient to determine what remittitur would cure the error. Mechem on Agency, p. 320, sec. 475; Storer v. Eaton, 79 Am. Dec., 611, 50 Me., 219; De Tastett v. Crousillat, 2nd Wash., 2 (U. S. C. C.), 132; Gray v. Murray. 3 Johns Ch., 167; Manny v. Dunlap, Fed. Cases, No. 9047, Woolworth, 372; Morris v. Summerl, 2 Wash. (C. C.), 203, case No. 9837. The rule is well stated in the case of Storer v. Eaton, 79 Am. Dec., 611.

The issue is not controlled by a rule of pleading, but is controlled by the law of compensation. There is nothing in the facts found by the jury which would or should authorize Duncan to receive more than compensation and if he receives the full value of the policy, without deducting the premium, this honorable court does allow him more than compensation.

*Harry P. Lawther.* for defendant in error.—Insolvency of the insurer and appointment of a receiver cancels all outstanding policies and terminates all contracts of insurance. Gluck & Decker's Receivers of Corporations, sec. 70, p. 350, sec. 89, pp. 465-6; High on Receivers, secs. 247-464; Taylor v. North Star Mut. Ins. Co., 46 Minn., 198, 48 N. W., 772; Commonwealth v. Insurance Co., 119 Mass., 45; People v. Insurance Co., 78 N. Y., 175; Com'r v. Insurance Co., 33 Mo. App., 291; Mayor v. Attorney General, 32 N. J. Eq., 815-829; in re Minneapolis Mut. Fire Ins. Co. (Minn.), 49 Minn., 291, 51 N. W., 921; American Casualty Company's Case, 82 Md., 535.

An insurance contract may rest in parol. The agreement testified to by Duncan, under the decisions, contains all the essential elements of an insurance contract, i. e., the preliminary contract to insure. McIntyre v. Fed. Life Ins. Co., 126 S. W., 227; Pacific Mut. Ins. Co. v. Shaffer, 30 Texas Civ. App., 313, 70 S. W., 566; Cohen v. Insurance Co., 67 Texas, 328; May on Insurance, sec. 18; Franklin Ins. Co. v. Colt, 20 Wal. (U. S.), 567; Relief Fund Ins. Co. v. Shaw, 94 U. S., 574; Com'l Mut. Marine Ins. Co. v. Union Mut. Ins. Co., 19 How. (U. S.), 318; Austin Fire Ins. Co. v. Brown, 160 S. W., 974; Potter v. Phoenix Ins. Co., 63 Fed., 382; Campbell v. American Fire Ins. Co., 73 Wis., 100, 40 N. W., 661; King v. Insurance Co., 58 Wis., 508, 17 N. W., 297; Strohn v. Hartford Fire Ins. Co., 33 Wis., 650; Stehlick v. Milwaukee Mechanics Ins. Co., 87 Wis., 322, 58 N. W., 379; Mich. Pipe Co. v. North British Mer. Co., 97 Mich., 493, 56 N. W., 849; Westchester Fire Ins. Co. v. Earle, 33 Mich., 143; Fish v. Liverpool, London & Globe Ins. Co., 44 N. Y., 538; First Baptist Church Trustees v. Brooklyn Fire Ins. Co., 19 N. Y., 305; Ruggles v. Am. Cent. Ins. Co., 114 N. Y., 415; Baile v. St. Joseph F. & M. Ins. Co., 73 Mo., 371; Lingen-

felter v. Phoenix Ins. Co. of Hartford, 19 Mo. App., 292; Insurance Co. v. Ireland, 9 Kan. App.; 644, 58 Pac., 1024; Western Mass. Ins. Co. v. Duffey, 2 Kan., 347; Firemen's Fund Ins. Co. v. Kuessner, 59 Ill. App., 432, 45 N. E., 540; Insurance Co. of N. America v. Bond, 175 Ill., 42; Hartford Fire Ins. Co. v. Wilcox, 57 Ill., 180; People's Ins. Co. v. Padden, 8 Ill. App., 447; National Fire Ins. Co. v. Rawe (Ky.), 49 S. W., 422; Fidelity & Casualty Co. v. Ballard, 105 Ky., 253, 48 S. W., 1074; Commercial Union Ins. Co. v. Urbansky, 113 Ky., 624, 68 S. W., 653; Palm v. Medicine County Mut. Fire Ins. Co., 20 Ohio, 529; Home Ins. Co. v. Adler; 77 Ala., 163; Mobile Marine, Dock & Mut. Ins. Co. v. McMillan, 31 Ala., 711; Stickley v. Mobile Ins. Co., 37 S. C., 56; Hamilton v. Lycoming Mut. Ins. Co., 5 Pa., 339; Salisburg v. Heckla Fire Ins. Co. of Madison, 37 Minn., 460; Walker v. Metropolitan Ins. Co., 56 Me., 371; American Home Ins. Co. v. Patterson, 28 Ind., 17; New England Fire & Marine Ins. Co. v. Robinson, 25 Ind., 536.

Where an agent receives the premium for which he agrees to secure insurance on a building which was afterwards burned, and he failed to secure the same, he is personally liable. Lindsay v. Pettigrew, 5 S. D., 500, 59 N. W., 726; Ostrander, Fire Insurance, sec. 52; Heddin v. Griffin (Mass.), 49 Am. Rep., 25.

Where an agent is instructed to procure specific insurance and fails to do so, he is liable in damages to his principal for the loss suffered by reason of the want of such insurance. Criswell v. Riley. 5 Ind. App., 496, 30 N. E., 1101; Barton v. Anthony, 2 Fed. Cases, No. 1084, 1 Wash., 317; Maury v. Dunlap, 16 Fed. Cases, No. 9047.

A general undertaking to keep the property insured will render an agent liable for a failure to take out insurance, or renew the same. Thomas v. Funkhouser, 91 Ga., 478, 18 S. E., 312; Backus v. Ames, 79 Minn., 145, 81 N. W., 766.

A broker is liable to one who applies to him for insurance and which he agrees to secure, although no consideration moved to him. Kaw Brick Co. v. Hogsett, 73 Mo. App., 432.

A broker who is applied to for insurance by procuring it to be issued by a company which is insolvent or not authorized to do business in the State is liable to his client for the damage resulting. Shepherd v. Davis, 42 Hun's App., 462; Morton v. Hart, 88 Tenn., 427, 12 S. W., 1026, 47 Am. Rep., 718; Binger v. Jackson, 18 Hun's App., 296; Hartman v. Hallowell, 102 N. W., 624; Webster v. Ferguson, 102 N. W., 213; Landusky v. Beirne, 80 N. Y. Supp., 238.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

From the opinion and the briefs and argument of parties, we make the following statement of facts as they were presented to the jury on behalf of the plaintiff, Duncan.

The Court of Civil Appeals said that the evidence was conflicting and, it being conflicting, we must adopt that statement which is most favorable to Duncan, in whose favor the jury found on the issues presented. We

therefore make the following brief statement of what we understand to be substantially the facts proved by plaintiff below. Diamond and Duncan were old friends and had been closely associated for many years. Diamond was in the brokerage business in connection with other business transactions, and for a number of years had superintended the procuring of insurance for Duncan on his property, taking charge of that business entirely and placing the insurance wherever he saw fit to do so, and secured for Duncan two policies of insurance in the Traders Insurance Company, one for the sum of $1500 on Duncan's residence, and on the 16th of October, 1904, he obtained for Duncan a policy of insurance for $200 on the same property. Both of the policies were to run for three years from date thereof, and both expired before the fire occurred. Before the expiration of the time for which the insurance was issued, the Traders Insurance Company became wholly insolvent, which fact was unknown to Duncan, but was known to Diamond, who failed and neglected to apprise Duncan of the insolvency, or to obtain any substitute insurance for him. The result was the loss by a subsequent fire of the property which had been insured. The evidence justifies the conclusion that Diamond undertook, as insurance broker, to keep the property of Duncan insured without any action on the part of Duncan, and that Duncan, relying on that undertaking and agreement paid no attention to the issuance of the policies or when they expired or anything connected with them. After the policies had expired, something like a year's time, the houses upon which the two policies were issued, burned and no other insurance had been procured by Diamond for the protection of Duncan. Duncan had inquired about his insurance prior to the fire and was assured that the policies were in effect and all right. Duncan had no notice of the failure of the company, and did not know that the policies were worthless or had expired until after the houses burned, and he went to Diamond for the purpose of making proof and instituting proceedings for the collection of his claim. It was then that he heard for the first time that the company in which he was insured was insolvent and the policies had expired. Evidence on the part of Diamond controverts these facts and disputes the truth of almost everything proven on the part of the plaintiff.

The facts were submitted to the jury, and the jury found in favor of Duncan. Therefore, we must act upon this case on the assumption that the facts were as Duncan claimed and as the jury found, and must apply the law to them as if there were no controversy, because the questions of fact being settled, this court can not affect the credibility of the witnesses or anything of that character.

We restate the proposition which is before us and which contains the only issue that is presented to us in this case, thus: Diamond, an insurance broker, undertook to keep the property of Duncan insured, and having it insured in a company that failed, and of which failure he had knowledge, did not give notice to Duncan of such failure or take steps to procure substitute insurance.

The evidence upon the issue of Diamond's undertaking to keep Duncan's property insured is conflicting, but plaintiff's evidence is sufficient to sustain the finding in his favor. We have no authority to enquire into the propriety of the verdict or the correctness of the conclusions of fact. Therefore, we will dispose of the case upon the finding that the plaintiff in error was an insurance broker, and had for years procured insurance for defendant in error on his property and undertook to procure and furnish fire insurance on Duncan's property, which he had done many years. Duncan had the right to rely upon Diamond's performance of the agreement, and having failed, and the property being destroyed by fire with no insurance, Diamond is liable for the loss. Mechem on Agency, sec. 476; Kaw Brick Co. v. Hogsett & Woodward, 73 Mo. App., 432; Thorne v. Deas, 4 Johnson, N. Y., 84; Backus v. Ames, 79 Minn., 145, 81 N.· W., 766.

We find on our application docket an entry to the effect that Diamond was not liable for the $200. We have examined the matter carefully, and find no ground for difference in liability for the ˙$1500 and his liability for the $200. The duty to reinsure each was the same, and upon failure, the liability must be the same. In fact, the failure, of the insurance company is of no importance in this case, for if it had continued to be solvent and the policies had expired, the failure to reinsure would have imposed the same liability upon Diamond as attaches under the facts before us.

If Diamond had pleaded his right to a credit for the amount that it would have cost Duncan to reinsure the property, he might have been entitled to have that sum deducted, but the question is not before us properly. It was not presented in the trial court; in fact, it appears first in the application for writ of error.

We find nothing to justify this court in reversing the judgment of the District Court. It is ordered that the judgments of the District Court and the Court of Civil Appeals be and they are affirmed.

ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

It was erroneously stated in the opinion of the late Chief Justice rendered upon the original hearing of the case, that the smaller of the two policies of insurance involved,—the one for $200, had expired before the fire occurred. This policy did not expire, according to its terms, until about three months after the destruction of the property by fire. Under the findings of the jury, however, this circumstance does not in our opinion relieve the plaintiff in error of liability for the loss sustained by Duncan because of the worthlessness of the policy.

We should possibly advert to one other matter. It is again urged by the plaintiff in error in his motion that the judgment in Duncan's favor for the loss sustained by him on account of Diamond's failure to comply with his agreement to renew the former's policies, as found by the jury, ought now to be reversed because of the charge on the measure of dam-

ages, and the refusal of his requested instruction for a peremptory verdict. The contention is that the charge did not require that the jury in assessing the damages should deduct from the amount of the policies the amount of the premiums thereon, or the cost of the insurance if Diamond had performed his agreement. It appears that Duncan had not paid the amount of the premiums; and we agree that his measure of damages was the amount of the policies, less the premiums or cost of the insurance. We accordingly held on the original hearing that Diamond would have been entitled to such credit in the assessment of the damages, if it had been pleaded by him; but inasmuch as he did not plead it, nor prove it, he was in no position to complain.

We are still inclined to the view that this was defensive matter and ought to have been pleaded. Right-of-Way Oil Co. v. Gladys City Oil, etc., Co., 106 Texas, 94, 157 S. W., 737, 51 L. R. A. (N. S.), 268. It should not be overlooked that the policies were in fact issued by Diamond as the insurance agent, and the cause of action arose upon his agreement, substantially, to maintain the insurance on the property in that amount, the worthlessness of the policies within his knowledge, and his failure to notify Duncan that they had become worthless. If Duncan had not paid for them, Diamond was, of course, entitled to offset the amount of the premiums; but we think it was incumbent upon him to make the plea.

If the proof was admissible in mitigation of the damages on the general issue, without the necessity of a pleading, it is clear that the burden was upon Diamond to make it. He was an insurance agent. Duncan was not. The cost of the insurance or the amount of the premiums was a fact peculiarly within his knowledge. Certainly he was in better position to know what the amount was than Duncan. It is elementary law that the burden of proof is on him who best knows the facts, or in whose knowledge the fact peculiarly lies. I Greenleaf on Evidence, sec. 79; Ryan v. Railway Co., 65 Texas, 13, 57 Am. Rep., 589. In his brief in the Court of Civil Appeals Diamond contended that there was no sufficient proof to show what the amount of the premiums was, and that therefore the alleged error could not be cured by remittitur. Since the burden was upon him to make the proof, and, according to his contention, there was no proof on the question, the charge of the court was not erroneous in failing to submit it. The requested instruction for a peremptory verdict proceeded upon the theory that Duncan had failed to make out his case in having omitted to make this proof; and for the same reason the trial court correctly refused it.

This case was tried in January, 1910. The judgment in Duncan's favor was affirmed in the Court of Civil Appeals on June 3, 1911. A writ of error was granted by this court October 5, 1911. The case was decided here, affirming both judgments, January 27, 1915. At best, the amount of the premiums was trivial in comparison with the amount properly in controversy. We overrule the contention of the plaintiff in error on the question for the reasons we have stated. But if the question

were not subject to be thus disposed of upon a ground that is clear and satisfactory, it would in our opinion amount almost to a travesty to now reverse these judgments and order a new trial on account of a small error in the amount of the verdict.

With the correction noted in the original opinion the motion for rehearing is overruled.

### DISSENTING OPINION ON MOTION FOR REHEARING.

MR. JUSTICE HAWKINS delivered the following dissenting opinion:

Plaintiff in error complains that the charge to the jury assumed, *as a matter of law,* that Diamond was under the affirmative duty of notifying Duncan of the insolvency of Traders Insurance Co., or of procuring for Duncan new and solvent insurance. I find no merit in that contention, inasmuch as "renew" in the charge was apparently used by the trial court and understood by the jury as including *keeping up the insurance,* in a solvent company. And it seems to have been so treated by the Court of Civil Appeals.

However, the charge of the court on the measure of damages was clearly erroneous in permitting recovery of the full amount of insurance which, under the jury's finding, Diamond should have had kept in force for Duncan. From that sum should have been deducted the amount of the premiums which such substitute insurance would have cost Duncan. His recoverable damages, if any, should be *merely compensatory.*

The amount of such premiums was not established by the evidence; consequently, the amount which Duncan was entitled to recover was not established; wherefore plaintiff failed to make out his case. Logically, then, defendant's requested special charge No. 1, directing a verdict for defendant, should have been given. This point was duly presented in the motion for new trial, and in the assignments of error filed in the trial court, and in appellant's brief in the Court of Civil Appeals, at p. 54, et seq., under "Second Assignment of Error" (No. 5, in Tr.), and four distinct propositions thereunder, and was also duly presented to this court. The establishment of the proper measure of damages being an essential and affirmative part of Duncan's case, there rested upon Diamond no duty of pleading or proving what the cost of the premium for such substitute insurance would have been. I do not consider the cost thereof a matter so peculiarly within the knowledge of Diamond as to constitute an exception to the general rule, nor as bringing this case within the rule which this court announced in Right-of-Way Oil Co. v. Gladys City Oil, Gas & Mf'g Co., 106 Texas, 94, 157 S. W., 736, 51 L. R. A. (N. S.), 268, in which this court said:

"If, however, the person who produced the oil acted in good faith, he would be entitled to have deducted the cost of bringing it to the surface and to the market. The contention of plaintiff in error is in effect that the owner must concede the good faith of the trespasser and prove that which is *known only* to his adversary, the cost of producing the oil." (Italics mine.)

Emphasis was there laid on the fact that the cost of producing the oil was *known to the trespasser only.*

Here, it seems to me, it would have been easy for the plaintiff to have proved what the substitute insurance would have cost Duncan.

My present strong conviction is that the rule announced in the cited case ought not to be applied to the facts of this case—although I confess that, since this motion was filed, I have been unable to find opportunity for going thoroughly into that question. I think that, at least, the motion for a rehearing should be granted.