## DARGAN et al. v. ROBINSON.
### No. 8865.

Court of Civil Appeals of Texas. Austin.

April 17, 1940.

Rehearing Overruled May 22, 1940.

562

Upton, Upton & Baker, of San Angelo, for appellants.

Joab Campbell, of Eldorado, for appellee.

BAUGH, Justice.

The parties will be designated as in the trial court. Robinson as plaintiff sued K. S. Dargan, A. L. McMurtrey and Leslie L. Baker for damages for failure to procure for him a fire insurance policy covering cotton owned and transported by him on his own trucks from Eldorado, Texas, to gulf ports during the cotton season of 1936. He alleged the following:

"(6) That heretofore to-wit, on or about the 10th day of October, A. D. 1936, the defendants, acting jointly and through their agents as aforesaid, as well as individually, for the consideration hereinafter mentioned, agreed and contracted with plaintiff in their capacity as fire insurance agents, as aforesaid, that 'from and after said date, all bales of cotton belonging to plaintiff, while in or on the hereinafter described motor truck for transportation, should stand and be insured, for one year from said date, against loss by fire in and with one of said fire insurance companies, in the sum of One Thousand Dollars for a premium of $25.00 which plaintiff agreed and became liable to pay the defendants;

"(7) That on said last named date, the defendants, acting jointly and severally, further agreed and contracted with plaintiff that within a reasonable time, a policy should be duly executed by one of said fire insurance companies for the said sum of $1,000.00 and delivered to plaintiff at Eldorado, Texas, that the said policy should be in the usual form of policies issued by said fire insurance companies and in accordance with the terms of said contract."

He further alleged that on November 6, 1936, he lost by fire in transit 13 bales of cotton of the value of $800 which would have been protected by insurance but for the failure of the defendants to procure the policy they agreed to procure for him.

K. S. Dargan was a licensed fire insurance agent at Houston, Texas; A. L. McMurtrey a licensed fire insurance agent at San Angelo, Texas; and Leslie L. Baker, assistant cashier of a bank at Eldorado, Texas, with which Robinson did business. Baker was not a licensed fire insurance agent. He did, however, assist McMurtrey in procuring insurance business, who divided commissions with him. When Robinson made known to Baker that he desired insurance to cover his operations, Baker contacted McMurtrey who came to Eldorado, took the matter up with Robinson and undertook to procure for him the insurance desired. Three types of insurance on Robinson's trucks were requested; public liability, property damage, and cargo insurance. At the time McMurtrey did not know the premium rates on any of them. He took the matter up with Dargan who placed such insurance with one of his companies. When the policies arrived the public liability and property damage rates were much higher than anticipated, and Robinson was unwilling to accept them; and advised Baker to see if he could have these policies cancelled. This Baker succeeded in doing. At the same time the cargo insurance, which had been bound by telegram from Dargan to McMurtrey, was, after a telephone conversation between Baker and McMurtrey, also cancelled, but Robinson was not notified of this cancellation.

Appellants' defenses were that there was no agreement made, in that the minds of

the parties never met on the terms of the policy; that Baker was the agent of Robinson, who was bound by his conduct, and not the agent of appellants; and that Baker had requested appellants, prior to the fire, to cancel all of said insurance.

The case was submitted to a jury on special issues, in answer to which they found, in effect, as follows:

⁎ 1. That appellants agreed with Robinson for a premium of $25 to insure, for a period of one year from October 10, 1936, to the extent of $1,000, all cotton handled on the truck involved.

2. That the market value of the 13 bales of cotton destroyed by fire was $767.14.

3. That McMurtrey held Baker out as his agent for the purpose of soliciting insurance.

4. That the minds of the parties did meet on the terms of the policy requested by Robinson, and the rate to be charged.

The other findings were upon the defenses pleaded and were against the defendants. Based upon these findings, the trial court ·rendered judgment for the plaintiff against the defendants jointly and severally for $767.14, from which Dargan and McMurtrey have appealed.

Appellants contend that the evidence conclusively shows that appellants acted only as fire insurance agents; that they procured the cargo insurance requested for appellee and notified him that it was in force; and that, therefore, they were not personally liable.

The appellants offered in evidence a cargo policy issued on October 12, 1936, by Cravens-Dargan & Company, agents for Sun Insurance Office, Limited of London, insuring two trucks of Robinson in the sum of $500 each, for a recited premium of $50. This policy was never delivered to Robinson nor accepted by him. Manifestly it did not conform to the agreement which the jury found that Robinson had with Mc-Murtrey for the $1,000 coverage on each truck for a premium of $25, and did not constitute a compliance with that agreement. Even if it had, however, the evidence showed that it had been cancelled prior to the loss of the cotton, at the instance of Baker, without any authority from ·Robinson to do so. If Baker had been the agent of Robinson in the premises, Robinson would have been bound by his authorized instructions to McMurtrey to cancel whatever insurance he had. But the

jury found, upon sufficient evidence to support such finding, that McMurtrey held Baker out as his agent in the matter of procuring the insurance for Robinson; and both Baker and Robinson testified that Robinson had never authorized Baker to have cancelled his cargo insurance, but only the public liability and property damage coverages. In brief, Robinson was hauling his cotton upon information that he had cargo coverage under his agreement with Baker and McMurtrey to secure it, when in fact he was without such protection.

We think the facts presented bring this case within the general rule "that a broker or agent who, with a view to compensation for his services, undertakes to procure insurance on the property of another, and who fails to do so, will be held liable for any damage resulting therefrom." See annotations in 18 A.L.R. 1214; Diamond v. Duncan, 107 Tex. 256, 172 S. W. 1100, 177 S.W. 955; Stevens v. Wafer, Tex.Civ.App., 14 S.W.2d 295; 32 C.J., § 170, p. 1088; 14 R.C.L., § 50, p. 877; 24 Tex.Jur., § 128, p. 845.

The cotton having been totally destroyed, the measure of plaintiff's damages was the market value thereof at the time and place of such loss. This the jury found to be $767.14. The appellants objected to the only testimony, that of the plaintiff, offered on this issue; and urge that this finding of the jury has no support in competent evidence to sustain it. This contention must be sustained. Plaintiff testified that he had already sold this cotton to Anderson-Clayton at Houston, under contract, for $767.14, to be delivered at Houston, Texas. He also testified that he often had cotton under contract for as much as 30 days before delivery. He did not state how long the cotton in question had been under contract. This manifestly did not establish the market price of the cotton at the time and place of the loss. The cotton was destroyed near Sonora, far removed from Houston. It is a matter of common knowledge that there is a readily determinable market value for cotton throughout the cotton producing area of Texas capable of definite establishment by proof at any time; and that such market fluctuates from day to day. Freeman v. Taylor, 61 Tex.Civ.App. 393, 130 S.W. 733, 734. Manifestly the market value of cotton concentrated at a port of embarkation for shipment (and practically all of it is shipped out of Texas), would not be

the same on a given date, as the inland markets; where long hauls are required as the instant case reveals was necessary. The cost of transportation and other contingencies would necessarily affect the inland market. And if the cotton in question had been contracted long before shipment, clearly the contract price would not determine the November 6, 1936, market value. That being true, no market value at or near Sonora on the date of its loss was shown; and the burden was upon the plaintiff to prove it by competent evidence. Even if the contract price at Houston had been the market value there on November 6th, this would not be competent evidence of the market value at Sonora. See 17 Tex.Jur., § 175, p. 462, and cases cited.

For the reasons stated, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.