**Homer TAYLOR and Hailey Russell Company, Appellants,**

v.

**REPUBLIC GROCERY, Appellee.**

No. 6221.

Court of Civil Appeals of Texas, El Paso.

June 28, 1972.

Rehearing Denied July 26, 1972.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, Stephen B. Tatem, Jr., El Paso, for appellants.

Owen, Brewster & Steinberger, Jack L. Brewster, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal by defendants-appellants, Homer Taylor and Hailey Russell Company, from a judgment in favor of plaintiff-appellee, Republic Grocery. Appellee brought suit against appellants, alleging negligence in failing to procure fire insurance on a building. The jury found the cost to repair the fire damage to be $5,000.00. We affirm.

The record reflects that at the time of the fire the building was owned by George S. Yee, Suey Yee, Poon Wong, Ben K. Wong and Chung Wong. Title had previously been in the name of George S. Yee, Trustee, for Suey Yee, Poon Wong, Ben K. Wong and Chung Wong, and that was the named insured listed on the policy of fire insurance which was allowed to lapse and brought on this suit. These five individuals had operated for a number of years a grocery store in the building, known as Republic Grocery. In 1965, one of the five, Ben K. Wong, bought out the interest of the others in the grocery business, and he and the others leased a portion of the building to him, Ben K. Wong, and he continued the operation of the grocery business, using the name Republic Grocery, but all five continued to share in benefits from the operation of the entire building. In the spring of 1967, the policy of fire insurance in effect on the building was in the amount of $40,000.00, placed by a local El Paso agency. At that time, Homer Taylor, a local representative of Hailey Russell Company, approached Ben K. Wong. Mr. Taylor testified that he was "running a survey," meaning that:

"A We run surveys for all of the members who are with Tri-State Whole-

sale Associated Grocers, and this simply means going out to their store, securing copies of their contracts, sending them to Dallas, having Dallas photostat the contracts, returning the contracts to the insured, and then making a survey based on our photocopies."

Mr. Taylor further stated that the purpose of the survey was to determine if there is a "savings in our insured's insurance package." Mr. Wong gave all policies, his complete insurance package, to Mr. Taylor who sent it to Dallas. Mr. Taylor then agreed to pick up appellee's insurance coverage upon expiration of the current policies on April 9, 1967, so there would be no lapse in coverage. Mr. Wong's insurance thereafter being handled by Hailey Russell and the Insurance Company of Pennsylvania. Subsequently, a fire occurred at Republic Grocery on April 27, 1967, and Mr. Wong immediately informed Mr. Taylor, who called Dallas to ascertain whether or not there was insurance coverage on the building. Mr. Taylor was informed no fire coverage on the building existed, but that loss of earnings and contents coverage was in effect. The jury found that appellants, Homer Taylor and Hailey Russell Company, failed to notify the plaintiff before the fire that they had failed to procure fire insurance coverage on the building in question; that such failure was negligence, and that such negligence was a proximate cause of the damages sustained by appellee.

■ Appellants urge that the evidence failed to establish that "Republic Grocery" was a partnership composed of the owners of the building as alleged; that having brought an action as a partnership or unincorporated association, plaintiff-appellee must prove such an entity in order to recover; and that Republic Grocery cannot recover for loss of the building when the proof does not show title in Republic Grocery.

Suit was by "Republic Grocery, hereinafter called Plaintiff," with the further allegation:

"At all times material hereto, Plaintiff was a partnership or unincorporated association composed of SUEY YEE, GEORGE S. YEE, POON WONG, CHUNG WONG and BEN K. WONG . . . and that at all times material hereto, Plaintiff owned certain real property situate in El Paso, Texas, municipally numbered 501–03 South El Paso Street."

Defendants-appellants denied under oath, pursuant to Rule 93(f), Texas Rules of Civil Procedure, that Republic Grocery was a partnership or unincorporated association. No issue was submitted, and appellants objected to the failure to submit the question. The proof showed the building to be owned by the five named individuals. As the owners of the building, they would be the parties entitled to recover for its damage, and they were individually named as plaintiffs in such an action. We fail to see how the failure to prove they were a partnership or unincorporated association affected that right, assuming such proof failed. Under Rule 28, T.R.C.P., they may sue or be sued in a partnership name or in an assumed or common name under which they were doing business. This Rule must be construed with Rule 815, T.R.C.P., which reads:

"These rules shall not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action."

It would seem to be a denial or diminution of plaintiffs' substantive rights to deny them recovery for failure to prove a form of their pleadings not essential to their cause of action. Also, we fail to see how appellants are harmed, for the plaintiffs are each named in their petition, and under principles of judicial estoppel they can never again assert this cause of action against the appellants. Long et vir. v. Knox et al., 155 Tex. 581, 291 S.W.2d 292 (Tex.1956). Also, Art. 6135, Vernon's Ann.Tex.Civ.St., makes a judgment by or against an unincorporated association bind-

ing on the individual members thereof. The true thrust of appellants' argument on this matter is that plaintiffs are not entitled to recover in the capacity in which they sued. This is a denial which must be specially pleaded under oath by the provisions of Rule 93(c), T.R.C.P. This was not done and is therefore waived.

■■■ The jury found that the cost of repairing the building was $5,000.00, and judgment was entered for that amount. Appellants say this is excessive because appellants were convicted of negligence in failing to procure a policy of fire insurance, and therefore appellee's damages should be measured by the position they would have been in had the policy been obtained. We agree that the proper measure of appellants' liability is the amount that would have been due under the insurance policy, provided it had been obtained. Scott v. Conner, Tex.Civ.App., 403 S.W.2d 453 (CCA 1966, n. w. h.) and authorities there cited. And this amount is to be reduced by the cost of the insurance. Wallis et al. v. Liberty Mutual Insurance Company et al., 465 S.W.2d 422 (CCA Dallas 1971, ref. n. r. e.). Appellants ask that the judgment be reduced by the premium cost and by the application of the co-insurance provision of the policy which would have been in effect had one been obtained. We are of the opinion that appellants have lost their right to claim these deductions by failing to plead them in their pleadings on which the trial was conducted. The plea of co-insurance to diminish an insured award is defensive, and facts supporting such a plea must be plead and proved by the defendant insurer. New York Underwriters' Ins. Co. v. Shanks et al., 78 S.W. 2d 1026 (CCA 1935, writ refused); Texas City Terminal Railway Company v. American Equitable Assurance Company of New York et al., 130 F.Supp. 843 (U.S.Dist.Ct. S.D.Texas, 1955). Also, Rule 94, T.R.C. P., in part, provides:

"Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

When the insurer pleads the exception, then the burden is on the plaintiff to prove that his right to recover is not defeated by the exception. Shaver et al. v. National Title & Abstract Co. et al., 361 S.W.2d 867 (Tex.1962). Since the extent of liability is to be determined as though a policy were in effect, Rule 94 should be applicable, and it is our opinion that the plea of co-insurance to diminish the award cannot be raised since it was not plead.

Appellants' claim for a reduction of the award by the cost of the premium is likewise foreclosed by their failure to plead it. In a case against a broker for failure to insure, the Supreme Court held that the broker was not entitled to reduce the award by the cost of the premium because he had not plead it. Diamond v. Duncan, 107 Tex. 256, 177 S.W. 955 (Tex.1915). Our research has found nothing contrary to this early statement of the law.

■■ Appellants seek to make much of the fact that assumed name certificates were filed in the name of Ben K. Wong and his wife as the owners of Republic Grocery. The record does not show that there was any knowledge of, or reliance on, these certificates in the dealings of the parties leading to the change of insurance coverage.

All points of error have been considered, and all are overruled.

The judgment of the trial Court is affirmed.