

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-13-00608-CV

**SMITH-REAGAN & ASSOCIATES, INC.** d/b/a Smith-Reagan Insurance Agency,
Appellant

v.

**FORT RINGGOLD LIMITED**, Pete Diaz III, Aaron Diaz, and Monica Aguillon,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-02-343
Honorable Jose Luis Garza, Judge Presiding

## OPINION DISSENTING FROM DENIAL OF MOTION FOR REHEARING

Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:     Sandee Bryan Marion, Chief Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  September 9, 2015

I respectfully dissent from the denial of appellees' motion for rehearing. Having considered appellees' motion, I agree, in this case, proof of a specific insurance policy providing business interruption coverage was not necessary to support the jury's damages finding. I also agree the jury's damages finding was supported by the evidence. I would therefore grant appellees' motion for rehearing.

The jury charge as submitted did not refer to a specific insurance policy. Rather, it generally referred to insurance "that included business interruption coverage." Question No. 5 reads in relevant part:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Fort Ringgold for its damages, if any, that resulted from the conduct of Smith-Reagan Insurance Agency you found in response to Questions 1, 2 or 3?
>
> . . . .
>
> Consider the following element of damages, if any, and none other.
>
> The loss of business income, if any, sustained by Fort Ringgold that would not have occurred had Smith-Reagan Insurance Agency procured insurance for Fort Ringgold that included coverage for business interruption.

The jury answered $325,000. The panel opinion sustains Smith-Reagan's issue that "[t]here was no evidence to support the Jury's answer to Question 5 regarding damages."

Smith-Reagan argued appellees "failed to present evidence as to the correct measure of damages for failure to include business interruption coverage." However, "[d]amages must be measured by a legal standard, and that standard must be used to guide the factfinder in determining what sum would compensate the injured party." *See Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 90 (Tex. 1973). "The proper measure of damages is a question of law for the court and the court's charge should limit the jury's consideration to facts that are properly a part of the damages allowable." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The amount of damages, on the other hand, "is a question of fact for the jury to decide." *Garza de Escabedo v. Haygood*, 283 S.W.3d 3, 6 (Tex. App.—Tyler 2009), *aff'd sub nom. Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014). We must assume the jury made all inferences in favor of the verdict if reasonable minds could. *Id.* at 620-

21. Because Smith-Reagan did not object to the part of Question No. 5 describing the measure of damages, the legal sufficiency of the evidence must be measured against the charge as given. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 619 n.16 (Tex. 2004). The jury charge as given limits the jury's consideration to the amount Fort Ringgold would have received had Smith-Reagan procured "insurance . . . that included coverage for business interruption." The jury charge does not refer to any specific insurance policy, but generally refers to "insurance . . . that included coverage for business interruption."

Appellees argue that "the record lacks any evidence as to the calculation that would have been done" had insurance that included coverage for business interruption been obtained. I disagree. Smith-Reagan's own expert, David Surles, testified "payment for business interruption losses is determined by calculating net profit plus the expenses that continued during the suspension of the operations, necessary, reasonable expenses that continued during the suspension of operations. [sic] So, profit plus continuing expenses during the period of suspension of operations is what business interruption insurance policy [sic] pays for." Reasonable minds could infer from Surles's testimony that "had Smith-Reagan Insurance Agency procured insurance for Fort Ringgold that included coverage for business interruption," the coverage would have paid for "profit plus continuing expenses during the period of suspension of operations." *See Castillo*, 444 S.W.3d at 620.

Appellees argue that "since no coverage was actually obtained, there is no way to prove what [the coverage] would have been." None of the cases cited in the panel opinion hold that proof of a specific insurance policy with business interruption coverage is necessary to support a jury's damages finding when coverage *has not* actually been obtained. *See* Panel Op. at 2-3 (citing *Scott v. Conner*, 403 S.W.2d 453, 457 (Tex. Civ. App.—Beaumont 1966, no writ); *Taylor v. Republic Grocery*, 483 S.W.2d 293, 296 (Tex. Civ. App.—El Paso 1972, no writ); *Gibbs v. Allstate Ins. Co.*,

386 S.W.2d 606, 609 (Tex. Civ. App.—Fort Worth 1965, writ ref'd n.r.e.); *William M. Mercer, Inc. v. Woods*, 717 S.W.2d 391, 400 (Tex. App.—Texarkana 1986), *rev'd on other grounds*, 769 S.W.2d 515 (Tex. 1988)). The panel opinion cites only one case in which an appellate court sustained a legal sufficiency challenge: *National Fire Insurance Company of Pittsburgh, Pennsylvania v. Valero Energy Corporation*, 777 S.W.2d 501, 513 (Tex. App.—Corpus Christi 1989, pet. denied). *See* Panel Op. at 3. However, *National Fire* concerned the denial of a claim under a specific insurance policy for business interruption coverage that *had* been obtained. *Id.* at 510. The court of appeals held there was no evidence to support any business interruption damages covered under the specific terms of the existing insurance contract. *Id.* Because this case concerns Smith-Reagan's failure to obtain business interruption coverage, and no coverage was obtained, there was no existing insurance policy that provided specific terms for coverage.

When a claim is based on the failure to obtain insurance coverage, the jury draws reasonable inferences about what the insurance policy would have likely covered. In *Scott v. Conner*, the defendant agreed to procure fire insurance on the plaintiff's home that was similar to a prior policy the plaintiff had. 403 S.W.2d 453, 455 (Tex. Civ. App.—Beaumont 1966, no writ). The plaintiff established the defendant failed to procure a similar policy, and the trial court awarded the plaintiff $2,000. The court of appeals overruled numerous legal sufficiency challenges based on the absence of evidence of the specifics of any particular policy that could or would have covered the plaintiff's losses. *See id.* at 457. *Scott* provides support that Surles's testimony about what business interruption insurance usually covers is some evidence from which the jury could determine Fort Ringgold's damages. *See id.*

Smith-Reagan argued appellees presented evidence only as to gross revenues and not profit because the gross figure did not account for the expenses Fort-Ringgold saved from not renting the damaged rooms. However, the jury heard Pete Diaz's testimony indicating Fort Ringgold had

to keep its staff, pay insurance, mortgage, and other recurring expenses. The jury also heard Diaz testify that there was no substantial decrease in operating expenses, even though the hotel was not operating at full capacity due to the damaged rooms. In other words, the operating expenses pretty much remained the same. Diaz's testimony that the expenses remained the same supports a finding that there were no substantial expenses by which the lost gross revenues would be offset. Diaz's testimony, if the jury believed it, would support the position that all of the gross revenues amount to the net profit Fort Ringgold would have obtained had the damaged rooms been rented.

After considering appellees' motion, I believe the jury's damages finding was supported by the evidence. In a legal sufficiency review, "[j]urors are the sole judges of the credibility of the witnesses and the weight to give their testimony. . . . Reviewing courts cannot impose their own opinions to the contrary." *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). It is clear the jury weighed the evidence before coming to its final award. Diaz testified Fort Ringgold lost $1.176 million based on a 100% occupancy rate and had no substantial change in expenses. Surles contradicted Diaz's testimony when he testified the likely occupancy rate would have been 57%. The jury heard testimony about the number of rooms that were unavailable and that Fort Ringgold reduced its employees' hours; this evidence controverts Diaz's testimony about Fort Ringgold's static expenses and provided the jury with a basis to reasonably infer that Fort Ringgold's expenses would have increased had it operated at full capacity. The jury's reduced award of $325,000, instead of the $1.176 million figure to which Diaz testified, reflects the jury weighed and found Surles's testimony credible, resolved the occupancy-rate issue in Smith-Reagan's favor, and did not entirely find credible Diaz's testimony that Fort Ringgold had no substantial change in expenses. Because the jury's damages finding is supported by legally sufficient evidence, I would grant appellees' motion for rehearing.

Luz Elena D. Chapa, Justice