**S. S. McCALL et al., Petitioners,**

**v.**

**Bob MARSHALL, d/b/a Bob Marshall Motors, Respondent.**

**No. A-10604.**

Supreme Court of Texas.

Dec. 31, 1965.

Coleman Gay, Austin, for petitioners.

E. B. Fuller, Mitchell & Gilbert, Brown, Sparks & Erwin, Will G. Barber, Austin, for respondent.

HAMILTON, Justice.

Respondent Bob Marshall, an Austin automobile dealer, brought suit originally against the petitioners, S. S. McCall, George S. McCall, and H. T. Hibler, doing business as McCall and Hilber Company, an insurance agency. The basis of respondent's cause of action is the alleged failure by the petitioner McCall and Hibler Company to properly handle Marshall's insurance coverage concerning his business. Petitioner had sold Marshall a policy issued by the Hartford Fire Insurance Company. Respondent also sued Hartford, contending that the insurance company had issued him a fire insurance policy to which was added

on January 15, 1963, an endorsement covering an additional location at 508 South Congress Avenue. A fire destroyed seven of respondent's automobiles at this new location on January 15, 1963, at approximately 4:55 p. m.

The trial court granted Hartford's motion for an instructed verdict and rendered judgment in its favor. Based upon the verdict of the jury, the trial court entered judgment that respondent Marshall take nothing against the petitioner McCall and Hibler Company.

The Court of Civil Appeals affirmed the trial court's judgment in favor of the Hartford Fire Insurance Company but reversed and remanded the cause against the petitioner McCall and Hibler Company. 385 S.W.2d 467.

We affirm the judgment of the Court of Civil Appeals as to Hartford but reverse that Court's judgment and affirm that of the trial court as to the petitioner McCall and Hibler Company.

We will first dispose of respondent Marshall's alleged cause of action against the petitioner.

Briefly, the facts are that the respondent, doing business as Bob Marshall Motors, operated a used car business at the corner of West 5th and West Avenue in Austin. Automobiles of the insured on display or in storage at this location were covered by a policy issued by Hartford. The policy's provisions in issue are as follows:

"2. LOCATIONS

"Named Locations—The insured represents that the specific locations named herein are all of the locations or spaces within locations owned, rented or controlled wholly or in part and used by the insured as places of display or storage of automobiles on the inception date of the policy. The com-

pany's limit of liability for each such location shall be as stated herein.

"NAMED LOCATIONS
"Limit of Liability

Show Main Sales
Location First

$35,000.00

at West 5th and
West Avenue

"UNNAMED LOCATIONS—

"(a) The insured shall report to the company any other location owned, rented or controlled wholly or in part by him which he commences to use as a place of display or storage of automobiles. Prior to receiving such report, the company shall not be liable for loss occurring after the first 45 days following the commencement of such use and the company's limit of liability at any such location shall not exceed $5,000.00.

"(b) As respects automobiles at locations other than those named herein or in another policy affording the insured insurance against loss covered hereunder or described in paragraph (a) above, the company shall not be liable for loss occurring more than 7 days after liability could first attach as respects any one location and the company's limit of liability at all such other locations shall not exceed $5,-000.00."

On or about December 18, 1962, respondent opened up a new or additional location on South Congress Avenue to "make ready" or repair his automobiles for display or storage at his main location at West 5th and West Avenue.

The jury found that prior to January 15, 1963, respondent told Hibler of the location at 508 South Congress, but failed to find that the respondent requested Hibler to include the South Congress "make ready" shop in his insurance policy as an "addi-

tional named location." The jury did not answer the special issue inquiring whether after such notice, Hibler's failure to secure for the respondent, insurance covering his automobiles when at the new location, was negligence.

The record shows that the petitioner Mc-Call and Hibler Company had handled respondent's insurance needs for about seven years previously but that approximately one year before the fire, respondent had taken his insurance business to another agent for some six months. This apparently proved mutually unsatisfactory and at the end of the six-month period, respondent again let the petitioner write his insurance coverage. Respondent testified that generally he sought the advice of the petitioner on the types of coverage but that he alone decided as to the total dollar amounts of insurance that he wanted. On the same day after the fire, respondent talked to Hibler on the telephone and told him of his loss. Without being specifically requested to do so, Hibler voluntarily insured the damaged cars for $20,000 salvage value and respondent paid the premium.

The respondent's assignments of error before the Court of Civil Appeals were to the effect that since Hibler had been notified of the new location, then the petitioner McCall and Hibler Company was negligent as a matter of law in failing to extend full coverage to that shop. In the alternative, respondent Marshall urged that the trial court erred in rendering judgment for petitioner because the jury verdict was incomplete since the jury did not answer the negligence issue and there was sufficient evidence of probative force so that the jury could find that the McCall and Hibler Company was negligent in failing to extend respondent's insurance coverage to his new repair shop.

The Court of Civil Appeals upheld the alternative contention of respondent and reversed the judgment of the trial court. In so doing that court said there was more than a scintilla of evidence from which a jury could have found that the petitioner McCall and Hibler Company was under a duty to insure Marshall's cars at the South Congress location. The effect of this holding was to say that the jury's verdict was incomplete because the negligence issue was not answered.

The petitioner. maintains that under the undisputed evidence in this case there was no duty imposed upon it to provide additional coverage of insurance for Marshall at the South Congress location, and that therefore there could be no negligence in failing to provide such coverage. We agree with the petitioner on this point and hold that the facts of this case fail as a matter of law to impose a duty upon the petitioner to provide additional insurance coverage for the South Congress location and that therefore petitioner could not have been held negligent in failing to so provide. In the case of Dennison Light & Power Co. v. Patton, 105 Tex. 621, 154 S.W. 540, 45 L.R.A.,N.S., 303, this court said:

"Negligence is constituted only through failure to discharge a duty. * * * On the contrary, if under such circumstances the law did not impose that duty upon it, its act did not amount to negligence, and no recovery can be predicated upon it."

There are several cases which hold that certain fact situations impose a duty upon the agents to provide coverage for the customer, but we find that these cases can be distinguished on their facts. Here, no specific request by the insured for additional coverage occurred as in Burroughs v. Bunch, 210 S.W.2d 211 (Tex.Civ.App. 1948, error ref.). Nor had the insurance company with which the agent had placed the insured's property become insolvent with the agent failing to replace the coverage with a solvent insurer. Diamond v. Duncan, 107 Tex. 256, 172 S.W. 1100 (1915), motion for rehearing overruled, 107 Tex. 256, 177 S.W. 955. Also, this is not a case in which the agent failed to renew the policy or to notify the insured that his

policy had lapsed. Diamond v. Duncan, supra.

An insured's expectation of the agent to either renew his policy or at least inform him of the impending lapse is different from an expectation for extended coverage. Even the fact that Hibler, voluntarily and on his own, insured the automobiles at their salvage value after the fire does not persuade us to hold under the circumstances of this case that the petitioner was under a legal duty to insure the new location without being requested to do so. We are to be understood as holding that no legal duty arises on the part of an insurance agent to extend the insurance protection of his customer merely because the agent has knowledge of the need for additional insurance of that customer, especially in the absence of evidence of prior dealings where the agent customarily has taken care of his customer's needs without consulting him.

In his application for writ of error, petitioner Marshall assigned as error the action of the Court of Civil Appeals in holding that there was no admissible evidence in this case that Hartford had admitted a liability of $5,000 to petitioner and that the testimony of the insurance adjuster of Hartford to this effect was properly excluded by the trial court.

The Court of Civil Appeals has set out in its opinion the relevant testimony and holds that "we do not believe that this testimony was so clearly an admission of liability as distinguished from an offer of compromise that the trial court was deprived of his discretion in determining its admissibility, and we sustain his ruling in this respect." We agree and approve the holding of the Court of Civil Appeals as to this contention. International & G. N. R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515, 517 (1886).

Petitioner Marshall also urges that the Court of Civil Appeals erred in holding that he was limited by his pleading to a theory of recovery grounded only upon the endorsement and not upon the general coverage provisions of his insurance policy. Assuming without deciding that Marshall was not so limited in his pleadings, we hold that he did not bring himself within any of the provisions of the policy in question.

After this writ of error was granted, we wrote on the question of general coverage arising under a similar policy in Royal Indemnity Company v. Marshall, 388 S.W.2d 176, 177 (Tex.1965). There petitioner's son was trying to recover damages to three of his own automobiles that were destroyed in the same fire at the South Congress location. Petitioner and his son, Bob Marshall, Jr., were in business together. The policy provisions in issue were the same as those in this case except that a different insurance company had written the coverage. We there held that under the terms of the policy, the only recovery available to the son was under the section entitled "Unnamed Locations (b)" which provided that his cars would be covered for a period of seven days at any unnamed location if they were not there for the purposes of display or storage. Since the testimony showed that the plaintiff had his automobiles at the unnamed location longer than seven days after that repair shop was first opened, we concluded that under the terms of the policy, there was no insurance protection available to the plaintiff under the provisions of the policy.

We have similar facts here and for the reasons mentioned in the Royal case, supra, we hold that the petitioner cannot recover under the provisions of the Hartford policy.

Because of this holding, we do not reach the issue of whether the petitioner submitted a substantially complete proof of loss form to the insurer Hartford.

We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court in favor of petitioner McCall and Hibler Company. We affirm the judgment of the Court of Civil Appeals in favor of the respondent Hartford Fire Insurance Company.