In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-508 CV


____________________



STROMAN REALTY, INC. AND AD-NET, INC., Appellants



V.



STATE FARM LLOYDS AND MACK BARNHILL, Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Court Cause No. 00-04-02527 CV






MEMORANDUM OPINION



 Appellants, Ad-Net, Inc. and Stroman Realty, Inc. sued appellees, State Farm
Lloyds and Mack Barnhill for breach of contract, violation of Tex. Ins. Code Ann. §
21.21 (Vernon 1981 & Supp. 2003), violation of Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (Vernon 2002) ("DTPA"), breach of a duty of good faith and fair dealing, and
negligence. State Farm and Barnhill first moved for partial summary judgment on the
breach of contract claim. The trial court granted this motion. State Farm and Barnhill
then moved for summary judgment on the remainder of appellants' issues, and the trial
court entered a final summary judgment. Appellants complain of the trial court's granting
of both motions. 

 The essence of appellees motion for partial summary judgment was simply that there
was no evidence of the existence of a contract between appellees and appellant Ad-Net. 
Appellants presented no evidence of the existence of an insurance policy listing Ad-Net as
the insured. Appellants failed in their burden to present a genuine fact issue on the
existence of a valid insurance policy with Ad-Net as named insured. See generally Kent
v. Citizens State Bank, 99 S.W.3d 870, 871 (Tex. App.--Beaumont 2003, pet.
denied)(contract claim depends on existence of contract). The trial court did not err in
granting the partial motion for summary judgment on the breach of contract issue. Issues
one, two, and three are overruled.

 Although the final motion for summary judgment included both "no evidence" and
"traditional" summary judgment language, our analysis will focus on the traditional
standard. A summary judgment for a defendant will be upheld when the defendant negates
an essential element of plaintiff's theory of recovery. See Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). The final summary judgment in the instant
case does not specifically state the grounds on which it was granted; under these
circumstances an appellate court must affirm a summary judgment if any of the asserted
summary judgment grounds are meritorious. See FM Properties Operating Co. v. City of
Austin, 22 S.W.3d 868, 872-73 (Tex. 2000). 

 Appellants' Insurance Code and DTPA claims focused on alleged false, misleading,
or deceptive representations on the part of Barnhill as the insurance agent representing
State Farm Lloyds. However, an examination of the deposition of Wayne Stroman,
president of Stroman Realty, Inc. and president and owner of Ad-Net, Inc., upon whose
testimony both parties rely, provides no support for appellants' allegations. By Stroman's
own testimony, he was responsible ultimately for Ad-Net's not being named as an insured
on any insurance policy. The entirety of Stroman's testimony consisted of admitting to
being unaware of even very basic or generalized knowledge of the insurance circumstances
of appellant Ad-Net. Stroman's deposition contains many responses using the ambiguous
word "we" with regard to insurance coverage for his many companies and business
interests. Stroman was under the mistaken impression that Ad-Net, Inc. was covered by
liability insurance as an entity separate and distinct from Stroman Realty, Inc. But
nowhere in Stroman's deposition testimony does he explicitly state that he or anyone else
in his employ ever made a specific request to Mack Barnhill to cover Ad-Net, Inc. in a
separate liability insurance policy. Nor does his deposition indicate that at any time
Stroman specifically requested that Barnhill add Ad-Net, Inc. to the existing policy for
Stroman Realty, Inc. 

 The documentary evidence submitted by both parties in support of their respective
positions are virtually identical. Appellants' documents indicate a single insurance policy
listing the policyholder as, "Stroman Realty, Inc. dba ERA Stroman," was issued by State
Farm Lloyds. The only additional named insureds reflected on the face of the policy were
"ERA, L.P." and "G & M Properties." Thereafter, the documentary evidence indicates
several occasions in which faxes from Stroman Realty were sent to Barnhill requesting
various office inventory be added to "our Policy" or "our Insurance Policy, or "our
Insurance." Although these faxes included various receipts, cancelled checks, and
inventory reports containing the words "Ad-Net, Inc.," the cover-sheet for each set of
faxes bore a large "Stroman Realty" logo prominently displayed. Taken out of context,
these documents are no evidence in support of either the Insurance Code or DTPA causes
of action. Taken in context with Stroman's deposition testimony and the single insurance
policy naming Stroman Realty, Inc. as insured, the documents do not rise to the scintilla
of evidence necessary to raise a fact issue on either the Insurance Code or DTPA causes
of action. Summary judgment was proper as to these claims.

 We combine discussion of appellants' "duty of good faith and fair dealing" and
common law negligence causes of action. We recognize appellants' issue six, that
appellees did not explicitly include the negligence cause in their final motion for summary
judgment. While we agree that the negligence cause was not segregated in the motion, the
lack of "duty" issue was fully and completely covered by appellees, and established as a
matter of law. See Lear Siegler, Inc., v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).

 The controlling authority cited by appellees to the trial court and on appeal is
McCall v. Marshall, 398 S.W.2d 106 (Tex. 1965). We quote from the opinion:

 An insured's expectation of the agent to either renew his policy or at least
inform him of the impending lapse is different from an expectation for
extended coverage . . . . We are to be understood as holding that no legal
duty arises on the part of an insurance agent to extend the insurance
protection of his customer merely because the agent has knowledge of the
need for additional insurance of that customer, especially in the absence of
evidence of prior dealings where the agent customarily has taken care of his
customer's needs without consulting him. 


Id. at 109. Stretching Stroman's deposition testimony to its limits, all that can be said is
that Barnhill knew of the existence of Ad-Net, Inc., that Ad-Net, Inc. was part of Wayne
Stroman's various business interests, and that Stroman had insured Stroman Realty, Inc.
with State Farm Lloyds through Barnhill. Under the holding of McCall, however, this
purported knowledge on Barnhill's part did not give rise to a legal duty to extend coverage
to Ad-Net, Inc., or to cause a new policy to be created for Ad-Net, Inc. Under McCall,
summary judgment was proper on the "duty of good faith and fair dealing" and negligence
causes of action. We overrule issues four, five, and six. 

 Summary judgment is affirmed. 

 AFFIRMED.

 PER CURIAM

Opinion Submitted November 3, 2003

Opinion Delivered November 13, 2003


Before McKeithen, C.J., Burgess and Gaultney, J.J.