

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00066-CV
_____

JEFF FENDLEY, Appellant

V.

SIMS NORMENT, Appellee

_____

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 88043

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

After a home owned by Charles and Sallie Fendley was destroyed by fire, they received the full value claimed under an insurance policy issued by Hochheim Prairie Farm Mutual Insurance Association (the Insurance Company). The Fendley's adult son, Jeff Fendley, who had always resided in the home, deeded it to his parents "for legal reasons" and paid the monthly premium for Policy number FM-5822386 (the Policy). When Jeff asked Sims Norment, an insurance agent for Norment and Landers Insurance, if he needed to purchase renter's insurance to cover loss of personal property in the event of a disaster, Norment believed and represented to Jeff that his belongings were covered by the Policy and that renter's insurance was unnecessary.

After the Insurance Company denied a claim for Jeff's belongings, Jeff sued Norment for negligence and alleged that he "had a duty to provide the insurance coverage that [Jeff] needed." Norment moved for summary judgment on the ground that he did not owe Jeff any duty to provide a particular insurance coverage that he did not apply or pay for. The trial court granted Norment's summary judgment motion and entered a take-nothing judgment against Jeff. Jeff appeals. Because we conclude that summary judgment was proper, we affirm the trial court's judgment.[1]

---

[1]Jeff introduced evidence of replacement cost damages. Even so, Norment filed a no-evidence motion for summary judgment on the ground that there was no evidence of the market value of Jeff's personal belongings. The summary judgment record contained a claim form filed by Sallie under the Policy for "the Full Cost of Repair or Replacement" of personal property "that [she] had purchased and put in the home over the years." While Sallie's claim was paid, Jeff's separate claim for personal property was not. As a result, Jeff argues that the testimony of his replacement cost damages was an appropriate method of calculating damages resulting from Norment's alleged negligence because he would have been covered in the absence of negligence. Because our ruling on Jeff's first point of error is dispositive, we need not address this issue.

## I.  Standard of Review

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Brown v. CitiMortgage, Inc.*, No. 06-14-00105-CV, 2015 WL 2437519, at *2 (Tex. App.—Texarkana May 22, 2015, no pet.) (mem. op.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

"To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)). "A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim." *Id.* (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010)).

## II.     Factual Background and the Summary Judgment Evidence

The summary judgment evidence established that Charles and Sallie never lived in the home that Jeff deeded to them in 2011 "for legal reasons." Jeff said that he told Norment that he lived in and owned the home even though "the house was in [his] father's name." Even so, summary judgment evidence established that Charles applied for the Policy, the down payment receipt for the Policy listed Charles's name, the Policy was issued to Charles and Sallie, and Jeff, who paid for the insurance premiums, was not an insured under the Policy.[2]

Before the fire, Jeff asked Norment if he needed to purchase renter's insurance for the contents of the home. Norment told Jeff that it was unnecessary to purchase renter's insurance since the contents of the home were covered under the Policy. In explaining that he had misadvised Jeff, Norment stated, "[A]t the time of the loss, I didn't look at the [P]olicy, so I didn't realize at that time that Jeff's name was not on the [P]olicy." He added that he "had intended for the named insured to read Charles Fendley and Jeff Fendley," but the Policy "didn't get issued that way."[3] According to Norment, the Insurance Company denied Jeff's claim for property loss on the ground that he was not insured under the Policy.

Jeff's petition alleged only one ground of negligence, namely that Norment "had a duty to provide the insurance coverage that the Plaintiff needed and paid a premium for" and that the

---

[2]A copy of the Policy is not included in the appellate record.

[3]Sallie's affidavit stated that, "[a]fter the fire, [she] was asked by Sims Norment to make a contents claim," which she submitted even though she "did not feel right in doing [so] since [she] did not live [in the home] . . . ." Sallie admitted that she made "a list of the things that [she] had purchased and put in the home over the years." The record contains a proof of loss for replacement cost coverage showing that Charles represented that the full amount of personal properly insurance was $128,738.00 and the full cost of repair or replacement claimed by Charles and Sallie was $20,364.00. The document also showed that there was a list of personal property for which they were compensated that was once attached to the proof of loss document but omitted from the appellate record.

4

"negligence was the direct and approximate cause of [Jeff] not having insurance coverage on his contents when the loss occurred."[4]  Jeff claimed that he "was caused to suffer property and financial losses due to the lack of insurance coverages" and incurred "content losses in excess of the policy limits that he had purchased."

In his motion for summary judgment, Norment argued that Jeff was not his client, did not apply for insurance coverage, was not the insured under the Policy purchased by his parents, and had no agreement with the Insurance Company.  Norment stated, "I have done work for Jeff Fendley in the past, but not related to this particular Policy."  The summary judgment evidence showed that Jeff was paying for his parents' Policy and that they received the coverage paid for, which included compensation for personal property gifted to Jeff and placed in his home.  As a result, Norment argued that he had no duty to provide additional insurance coverage that Jeff had neither applied for nor paid for.

## III.    Analysis

"The threshold inquiry in a negligence case is duty. . . . [T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

"An insurance agent . . . generally does not owe a duty unless there is privity," and no evidence showed that Jeff and Norment were in privity with respect to any policy that would provide coverage for Jeff's personal belongings.  *Brannan Paving GP, LLC v. Pavement*

---

[4]Charles and Sallie did not join in Jeff's lawsuit, and Jeff raised no claim of misrepresentation.

*Markings, Inc.*, 446 S.W.3d 14, 26 (Tex. App.—Corpus Christi 2013, pets. denied) (finding that there is no "Texas case that interposed any duty in favor of a non-client upon a client's insurance agent regarding the agent's negligent failure to procure a liability policy with a certificate designating the non-client as an additional insured").

Even accepting Jeff's argument that he is Norment's customer based on past, unspecified, dealings, "[i]n Texas, an insurance agent owes the following common-law duties to a client when procuring insurance:  1) to use reasonable diligence in attempting to place the requested insurance, and 2) to inform the client promptly if unable to do so." *Critchfield v. Smith*, 151 S.W.3d 225, 230 (Tex. App.—Tyler 2004, pet. denied) (citing *Moore v. Whitney-Vaky Ins. Agenc*y, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.) (citing *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex.1992))).  Here, neither of those duties was breached because (1) Jeff did not pay for or apply for additional insurance, and (2) the coverage he paid for on behalf of his parents was provided pursuant to the Policy.  *See Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.).

Although Jeff asked for Norment's opinion on the need for renter's insurance,

[n]o legal duty exists on the part of an insurance agent to extend the insurance protection of his customer merely because the agent has knowledge of the need for additional insurance of that customer, especially in the absence of evidence of prior dealings where the agent customarily has taken care of his customer's needs without consulting him.

*Id.* (citing *Pickens v. Tex. Farm Bureau Ins. Cos.*, 836 S.W.2d 803, 805 (Tex. App.—Amarillo 1992, no writ) (citing *McCall v. Marshall*, 398 S.W.2d 106, 109 (Tex. 1965)); *see Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 389 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)

(rejecting imposition of a general duty on agents to assess and obtain insurance coverage for clients). Here, no evidence showed that Jeff and Norment "share[d] an expectation that the agent habitually [would] satisfy all of [Jeff's] insurance needs without consultation."[5] *Sledge v. Mullin*, 927 S.W.2d 89, 93 (Tex. App.—Fort Worth 1996, no pet.) (citing *McCall v. Marshall*, 398 S.W.2d 106, 109 (Tex. 1965)).[6]

Our analysis must be limited by what was actually pled in Jeff's petition. Critically, Jeff did not plead any cause of action based on misrepresentation. Instead, he claimed only that Norment "had a duty to provide the insurance coverage that the Plaintiff needed and paid a premium for." This failure to provide coverage claim failed as a matter of law because Texas law imposed no duty on Norment to secure additional insurance not specifically requested or applied for under the facts of this case, and the coverage under the Policy that was paid for was provided. Therefore, we find that the trial court properly granted Norment's summary judgment motion. As a result, we overrule Jeff's first point of error on appeal.

---

[5]Jeff's evidence that Charles had "done business with Sims Norment for over 40 years" did not meet this test.

[6]Jeff relies on several cases that are easily distinguished. In *Burroughs v. Bunch*, an insured made a specific request for coverage and was promised that either the coverage would be obtained or he would be notified if the coverage could not be obtained. *Burroughs v. Bunch*, 210 S.W.2d 211, 213–14 (Tex. App.—El Paso 1948, writ ref'd). Similarly, *Scott v. Conner* involved a specific request by an insured to obtain a fire insurance policy. *Scott v. Conner*, 403 S.W.2d 453, 458 (Tex. App.—Beaumont 1966, no writ).

## IV.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    December 29, 2020
Date Decided:      April 29, 2021